**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Lee ROSE, Defendant-Appellant.**

**No. 77–1046.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 21, 1977.

Decided June 28, 1977.*

Gil I. Berry, Jr., Indianapolis, Ind., for defendant-appellant.

James B. Young, U. S. Atty., John L. Hudgins, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before CUMMINGS, PELL and TONE, Circuit Judges.

PER CURIAM.

Defendant-appellant, James Lee Rose, was convicted after a bench trial of unlawful receipt by a convicted felon of a firearm which had moved in interstate commerce, a

* This appeal was originally decided by unpublished order. The court has decided to publish, in the form of this per curiam opinion, certain portions of that order. The rest of the order remains subject to Circuit Rule 35.

violation of 18 U.S.C. § 922(h).** The district court imposed a sentence of three years and this appeal followed.

Rose contends that the government failed to prove a necessary element of the offense charged under 18 U.S.C. § 922(h) because it offered no evidence that the defendant received the firearm in the course of an interstate transportation in which he was personally involved. The argument goes that since Rose received the firearm from his father while they were both in Indiana, the receipt was wholly intrastate; therefore, in the absence of any proof that Rose had personally participated in an interstate transportation, the government failed to prove a violation of 18 U.S.C. § 922(h).

Rose's contention is without merit. The plain language of the statute is tortured by his interpretation, and the United States Supreme Court in *Barrett v. United States,* 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) has so held. A thorough analysis led the Court in *Barrett* to the conclusion that 18 U.S.C. § 922(h) reaches the intrastate receipt of a firearm that had previously moved in interstate commerce. Defendant does not challenge the established fact that the firearm found in his possession had previously moved in interstate commerce, and it is there, in light of *Barrett,* that our inquiry ends.

Defendant's next assignment of error is that the trial court improperly admitted the "booking record" of the Orange County, California sheriff's office. (Gov't. Ex. No. 9). This booking record includes Rose's fingerprints and recites the state felony charge of which Rose was convicted; proof of this conviction is a necessary element of the crime charged under 18 U.S.C. § 922(h).

Defendant claims that the photocopy of the original booking slip which was substituted for the original at the trial was not satisfactorily identified and should not have been admitted. Defendant made no timely objection to the substitution, and the photocopy was certified by the custodian who was available at trial for cross-examination. Defendant's belated claim is without merit.

Defendant also suggests that the booking record should have been excluded because the testifying custodian (Hyder) was not the one who had made the record, and because Hyder "only surmised" that the procedures used by the sheriff's office in 1969 (when the record was prepared) were the same as when Hyder thereafter became custodian.

We reaffirmed an earlier decision of this court in *Peter Ekrich and Sons, Inc. v. Selected Meat Co.,* 7 Cir., 512 F.2d 1158 (1975) when we held that " . . . the person who makes the records need not testify." *Id.* at 1159. Further, Rule 803(6) of the Federal Rules of Evidence refers only to "the custodian or other qualified witness" without any suggestion that the foundation for introduction of a record must be laid by its maker. As for the record-making procedures as they existed in 1969, Hyder testified that the same procedures were in use at the time of trial, and he then proceeded to detail the procedures. Hyder's testimony went unchallenged on cross-examination, and, in fact, defendant admitted that he had been convicted of the indicated felony in California, all as established by the government's evidence. We find no plain error in the admission into evidence of the booking record.

Plaintiff-appellee's motion to affirm without oral argument is granted and the conviction and sentence of the district court are affirmed.

AFFIRMED.

* * * * * *

** 18 U.S.C. § 922(h) provides in relevant part:
(h) It shall be unlawful for any person—
(1) . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.