12 F.3d 127
 Susan GALLINGER, Arizona Director of Insurance, as receiver
of the Great Global Assurance Company, Appellant,
v.
VAALER INSURANCE, INC., a North Dakota corporation; David
A. Vaaler, Appellees,
v.
NORTH DAKOTA INSURANCE GUARANTY FUND, Third Party Defendant.
 No. 92-2747.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 14, 1993.
Decided Dec. 17, 1993.
 
 William D. Schmidt, Bismarck, ND, for appellant.
 Robert Vaaler, Grand Forks, ND, for appellees.
 Before LOKEN, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 Appellant Great Global Assurance Company of Phoenix, Arizona, was the fronting agent for North Star Hospital Mutual Assurance, Ltd. ("NSHMA"), an off-shore insurance company organized under the laws of Bermuda to provide hospitals with insurance or reinsurance against liability due to professional or business negligence[1].
 
 
 2
 In the early 1980s, North Star contacted Harvey Hanson, president of the North Dakota Hospital Association, in an attempt to procure policy subscriptions. Hanson, in turn, contacted David Vaaler for assistance in the marketing of the hospital insurance program. Vaaler then began soliciting policies from various member North Dakota hospitals. Vaaler would complete the applications and send them to North Star. North Star, in turn, would prepare the policies and return them to Vaaler, who would then deliver the policies and the premium invoices to the hospitals. The hospitals paid Vaaler the premiums, and Vaaler, on a periodic basis, transmitted the funds back to North Star on a net basis after deducting his five percent commission and a five percent commission for the North Dakota Hospital Association.
 
 
 3
 In mid-1985, Great Global's financial condition began to deteriorate. Vaaler became aware of the deteriorating condition and began to consider replacement insurance in the event of Great Global's failure. On February 7, 1986, a judge of the Superior Court in Maricopa County, Arizona, entered an order appointing a receiver and issuing an injunction as to Great Global Assurance Company. On March 9, 1986, each policyholder was served with a notice of cancellation of Great Global policies.
 
 
 4
 At the time of Great Global's failure, Vaaler Insurance Company had in its possession approximately $270,770 representing earned and unearned premiums on the insurance policies Great Global had issued to the North Dakota hospitals. In April or May of 1986, Vaaler returned the unearned premiums totalling $166,742 to the North Dakota hospitals and on December 28, 1987, Vaaler forwarded a check for the earned premiums in the amount of $107,028 to Great Global. The receiver subsequently commenced this action against Vaaler Insurance, Inc. and David Vaaler (collectively referred to as "Vaaler"), seeking the return from Vaaler of the $166,742 in unearned premiums which had been returned to the North Dakota hospitals. The receiver asserted breach of contract, conversion, and breach of fiduciary duty, contending that Vaaler had wrongfully returned the unearned premiums to the hospitals. The receiver contended that, although there was no written contract between Vaaler and either Great Global or North Star, Vaaler was the licensed agent for Great Global as of June 12, 1983, and thus was under an obligation to remit the total premiums collected to Great Global.
 
 
 5
 The district court granted Vaaler's motion for summary judgment and awarded costs, finding that (1) Vaaler, in returning the unearned premiums, had not violated the injunction issued by the Arizona state court when Great Global went into receivership; (2) equity dictated that Vaaler return the unearned premiums to the hospitals; and (3) Vaaler was a broker for the hospitals and not an agent for Great Global and therefore had no fiduciary duty to return the unearned premiums. After careful consideration of the briefs and record before us, we reverse and remand for trial.
 
 
 6
 The receiver contends the district court erred in granting summary judgment in favor of Vaaler because a material issue of fact remains as to whether Vaaler acted as an agent for Great Global. The receiver argues that as Great Global's agent Vaaler had a contractual obligation and a fiduciary duty of good faith and fair dealing to remit the unearned premiums to Great Global's receiver.
 
 
 7
 Under North Dakota law, "[a]gency is the relationship which results where one person, the principal, authorizes another, the agent, to act for them in dealing with a third person. This relationship is differentiated from other relationships by its characteristic fiduciary qualities." Coldwell Banker First Realty, Inc. v. Kane, 491 N.W.2d 716, 720 (N.D.1992) (citations omitted). The burden of proof is upon the one asserting the existence of the agency, Farmers Union Oil Co. v. Wood, 301 N.W.2d 129, 133 (N.D.1980), and "[u]nless the evidence is such that reasonable persons can draw but one conclusion, the existence of an agency relationship is a question of fact." Krank v. A.O. Smith Harvestore Prod. Inc., 456 N.W.2d 125, 128 (N.D.1990).
 
 
 8
 An agency "is actual when the agent really is employed by the principal. It is ostensible when the principal intentionally or by want of ordinary care causes a third person to believe another to be his agent, who really is not employed by him." N.D.Cent.Code Sec. 3-01-03. "An ostensible agency exists where the conduct of the supposed agent is consistent with an agency, and where, in a particular transaction, someone is justified in dealing with the supposed agent." Fleck v. Jacques Seed Co., 445 N.W.2d 649, 651 (N.D.1989).
 
 
 9
 Although there was no written agency agreement between Great Global and Vaaler, the receiver asserts that David Vaaler's position as an agent, either actual or ostensible, is established by the following facts: Vaaler contacted North Dakota hospitals in order to market the North Star insurance program. He conducted seminars explaining the program to the hospitals, provided and accepted application forms for the program, submitted the applications to North Star, received the policies from North Star and delivered the policies to the hospitals. Further, Vaaler collected premiums from the hospitals, retained a portion of the premiums as commission, and remitted the balance to North Star for distribution between the various entities involved. In fact, as conceded by the parties, each of Vaaler's duties in these transactions was consistent with that of an agent with the exception that Vaaler had no authority to bind Great Global. It is clear, however, that this fact alone does not compel a finding that Vaaler was not an agent.
 
 
 10
 Further, David Vaaler received a resident license issued by the North Dakota Insurance Department licensing him as an agent for Great Global, as required by North Dakota law in accordance with N.D.Cent.Code Secs. 26-17.1-50, 26-17.1-51 and 26-17.1-52 (repealed 1985). This license allowed him to countersign policies, but also allowed him to sell policies on behalf of Great Global in the State of North Dakota. While Great Global was required to have a resident agent in the State of North Dakota, David Vaaler did not have to be a licensed agent for Great Global in order to represent the hospital association as its broker.
 
 
 11
 In Lazzara v. Howard A. Esser, Inc., 802 F.2d 260 (7th Cir.1986), the Seventh Circuit concluded that the intermediary between the insured and the insurer was a broker, not an agent. Central to the court's conclusion was its finding that "[t]he agency agreement does not establish a 'fixed or permanent' relationship between the insurers and Esser for the purpose of acquiring and maintaining insurance. Esser was permitted to solicit from any person it desired, ... [and] had no allegiance to any insurance company. It was permitted to, and in fact did, enter into such agency agreements with other companies." Id. at 264-65 (footnote omitted).
 
 
 12
 In the present case, Vaaler had a long-standing, exclusive relationship with Great Global, at least with regard to procuring insurance for individual members of the hospital association; in fact Vaaler only marketed and sold Great Global insurance to the hospitals. Vaaler's allegiance to Great Global did not terminate until the time of Great Global's failure, when Vaaler attempted to secure replacement insurance for the hospitals.
 
 
 13
 In light of such evidence, we conclude that at the very least the record permits an inference of an agency relationship between the parties for the purpose of soliciting insurance policies with the hospital. Therefore, we conclude that a material issue of fact remains as to the question of agency and that the district court erred in granting summary judgment in favor of Vaaler. We also note that, although the district court found that Vaaler did not receive proper legal notice of the Arizona state court proceedings and injunction issued thereby, Vaaler admits in his brief that the facts establish he had "constructive notice of the insolvency proceedings of Great Global." We assume that the notice issue will be revisited by the district court on remand, including a determination of the relevant time frame of the constructive notice. Finally, we note that the effect of a possible dual agency on Vaaler's duty to remit unearned premiums to Great Global remains a viable issue on remand.
 
 
 14
 In light of the foregoing, the case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 Because NSHMA was a Bermuda-domiciled company it was very difficult because of regulatory restrictions to issue its own policies of insurance in the United States. Consequently, NSHMA entered into "fronting agreements" with companies such as Great Global. As the fronting agent, Great Global retained a very minimal or zero percent of the actual risk. It merely acted as the licensed United States carrier on whose paper the policies were issued and the liability was subsequently reinsured with NSHMA