**UNITED STATES of America, Appellee,**

v.

**Lester IRBY, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Eric Sylvester SMITH, Appellant.**

Nos. 74–1674, 74–1675.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1975.

Decided June 3, 1975.

Jay S. Engerman, Baltimore, Md. (Sophia L. Swope, Baltimore, Md., on brief), for appellant Lester Irby.

Joseph F. Lentz, Jr., Baltimore, Md., for appellant Eric Sylvester Smith.

Donald H. Feige, Asst. U. S. Atty. (George Beall, U. S. Atty., on brief), for appellee.

Before WINTER, BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

We find no error in the trial and conviction of these defendants.

The showing of photographs taken during the course of the bank robbery to witnesses prior to their selecting pho-

tographs of defendants Irby and Smith from a photographic lineup was not unduly suggestive since it is not disputed that the first set of photographs accurately depicted the robbery as it occurred. Use of the first set of photographs in this manner served the useful purpose of refreshing the recollection of the witnesses to the end that their subsequent identification from the photographic lineup and an in-court identification of one defendant by one witness were rendered more accurate. Nor were the photographs used in the photographic lineup unduly suggestive.

■■ We also conclude that the first set of photographs was properly admitted into evidence, as was testimony of the F.B.I. agent who conducted the photographic lineup that he observed one witness identify one defendant in the photographic lineup even though the witness could not identify him in court.*

Affirmed.

WIDENER, Circuit Judge (concurring):

I concur in the results in these cases and, in large part, in the opinion, but I do not agree that the hearsay testimony of one witness that another witness had, out of court, previously identified a photograph of one of the defendants is admissible. In this case, I do not believe admitting the testimony was reversible, especially in view of the unusually good photographs of the defendant taken during the actual commission of the robbery. The weight of this on the spot photographic identification evidence was so overwhelming as to leave no doubt as to identity, and a jury verdict should not be disturbed. Had the identification of one of the defendants mentioned been based wholly, or even substantially, on the hearsay testimony of the officer, I would have voted to reverse in that case.

---

* The witness did testify, however, that she had identified two persons at a photographic lineup, the identity of whom she did not remember.

The hearsay rule has not been abandoned. See Federal Rules of Evidence, P.L. 93–595, January 2, 1975.

This case is a perfect example of the justification of the statement of Chief Justice Marshall in Queen v. Hepburn, 7 Cranch 290, 3 L.Ed. 348 (1813), that hearsay evidence is, in its own nature, inadmissible.

In our case, the identifying witness, at the trial, identified one of the defendants but could not identify the other. Indeed, as a second defendant, the nearest she came to identification was that of a spectator, one Emmet Hamilton, although the second defendant was in the courtroom. Then, when asked what she did in making the photographic identification, she said: "Well, I looked through the photographs and I picked out a picture, and I *said* this, I believe, is the man that was in the robbery." (Italics added)

When the FBI agent took the stand, his testimony was that she "selected" the two exhibits. This selection of the two exhibits has been construed in the opinion of the court that "he observed one witness identify one defendant in the photographic lineup."

Thus, allowing the testimony of the FBI agent that the witness "selected" a photograph of the defendant, when the FBI agent's testimony depends on the statement of the witness, is admitting into evidence a conclusion based on an out of court statement, even less reliable than the statement of the witness because a step further removed, and equally objectionable under the hearsay rule. For a good discussion, see Wharton's Criminal Evidence, 13th Ed. (1972), Torcia, §§ 186, 187.

On the whole record, however, I think admitting the hearsay was harmless error. F.R.Cr.P. 52(a).