**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Paul BRIDGEFOURTH,**
**Defendant-Appellant.**

No. 75–2116.

United States Court of Appeals,
Sixth Circuit.

Argued March 31, 1976.

Decided July 23, 1976.

Rehearing and Rehearing En Banc
Denied Sept. 22, 1976.

Thomas E. Jackson, John W. Tapp, Detroit, Mich., for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., William J. Richards, Detroit, Mich., for plaintiff-appellee.

Before WEICK, EDWARDS and ADAMS,* Circuit Judges.

EDWARDS, Circuit Judge.

Appellant was convicted of an attempted unarmed robbery of a Detroit bank, in violation of 18 U.S.C. § 2113(a) (1970). He was sentenced to serve six years under 18 U.S.C. § 4208(a)(2) (1970), and required to participate in the Drug Abuse Program.

Testimony in this record showed that on December 30, 1974, an unarmed man approached a teller at one of the branches of the Bank of the. Commonwealth in Detroit and handed her a note which demanded money. The teller reacted by setting off an alarm, yelling at the would-be robber to "Get out," and falling to the floor. A second teller heard the commotion and observed the robber. As the robber left the bank without any loot, the bank's surveillance cameras photographed him with at least 11 unusually high quality full length front faced pictures which were introduced at the trial. The pictures showed that he was wearing a distinctive hat and a distinctive pair of shoes. (The government brief describes the hat as an "apple hat" and the shoes as "two-tone, platform shoes").

On January 5, 1975, the FBI got a tip about the robbery and went to an apartment where they saw appellant Bridgefourth (identifying him by the bank pictures). They then sought and received an arrest warrant for appellant. Returning to the same apartment, they were admitted by appellant's girlfriend. At the apartment they found and arrested Bridgefourth after finding a hat and a pair of shoes of the type described by witnesses to the bank robbery attempt. There was testimony (albeit disputed) that the hat and shoes were in plain view in a closet. Bridgefourth admitted owning the shoes but said he had "borrowed" the hat. The District Judge denied a motion to suppress evidence as to these pieces of apparel on the plain view exception after holding that the admission of the agents to the apartment had been voluntary.

The two tellers were asked by the FBI to view pictures of possible suspects. Before they did so, FBI agents showed each of them a copy of one of the bank camera photographs of the actual bandit. After having thus "refreshed their memories," each, although with some doubt, identified the photograph of appellant and so testified at trial. At the trial, however, neither teller made a positive identification of Bridgefourth as the robber.

During the display of the photographs to the two bank tellers, it appears that they consulted together to some degree concerning their reactions to the pictures.

After the government rested its case, appellant made a motion for direction of verdict, which was denied. Thereafter the government moved for leave to reopen its case in order to require appellant to put on the hat while the jury looked at the surveil-

---

* Honorable Arlin M. Adams, Judge, U. S. Court of Appeals for the Third Circuit, sitting by designation.

lance photographs. Over objection the District Judge allowed reopening for this purpose. Appellant did not take the stand, and offered no evidence. The jury returned a verdict of guilty after a half hour of deliberation.

■ There is ample evidence to support the District Judge's refusal to suppress the hat and shoes on the plain view exception as described in *Coolidge v. New Hampshire,* 403 U.S. 443, 465–66 n. 24, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

■ Since the two tellers both had close, although brief, opportunities to see the robber, we do not think that allowing them to see the bank camera photographs (taken at the time of the robbery) was an impermissibly suggestive procedure which might lead to misidentification. *United States v. Irby,* 517 F.2d 506 (4th Cir. 1975). *See also United States v. Evans,* 484 F.2d 1178 (2d Cir. 1973); *United States v. Ervin,* 436 F.2d 1331 (5th Cir. 1971).

■ We do specifically disapprove of any consultation of witnesses engaged in inspecting displays of photographs during police attempts to identify an offender. Here, however, both eyewitnesses were unable to make any positive identification of appellant at trial. It hardly appears plausible that any improper suggestiveness (resulting from such consultation as took place) played any role at all in the witnesses' testimony or in the jury's verdict. Moreover, if we assume error under the totality of circumstances in this case (*See Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)), we would have to describe it as harmless under Fed.R.Crim.P. 52(a).

■ The 11 pictures taken of the would-be robber during the event were such as to offer the jury a positive basis for determining whether appellant was the man. We find no grounds for setting aside their verdict.

Nor do we think that the District Judge prejudiced appellant by granting a motion to reopen the government's case after the government had rested, but before defendant was called upon for his proofs. The motion was made in order to allow the government to have appellant put on the hat for purposes of jury comparison with the bank photographs which had previously been admitted in evidence. The procedure sought was plainly permissible. *Holt v. United States,* 218 U.S. 245, 252–53, 31 S.Ct. 2, 54 L.Ed. 1021 (1910); *United States v. Roberts,* 481 F.2d 892, 894 (5th Cir. 1973). In the *Holt* case Justice Holmes held:

> Another objection is based upon an extravagant extension of the Fifth Amendment. A question arose as to whether a blouse belonged to the prisoner. A witness testified that the prisoner put it on and it fitted him. It is objected that he did this under the same duress that made his statements inadmissible, and that it should be excluded for the same reasons. But the prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material. The objection in principle would forbid a jury to look at a prisoner and compare his features with a photograph in proof.

*Holt v. United States, supra,* 218 U.S. 252–53, 31 S.Ct. at 6.

Appellant's reliance upon *Eason v. United States,* 281 F.2d 818 (9th Cir. 1960), is misplaced. Our present case had not gone to the jury.

■ Further, a motion to reopen proofs rests generally in the sound discretion of the trial judge. *United States v. Wade,* 364 F.2d 931, 935–36 (6th Cir. 1966). We find no abuse of that discretion here.

The judgment of conviction is affirmed.