**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Willie Thomas REESE,**
**Defendant-Appellant.**

No. 77–5189.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 18, 1977.

Decided Dec. 30, 1977.

Rehearing and Rehearing En Banc
Denied March 7, 1978.

Timothy W. Woods, Jones, Obenchain, Johnson, Ford, Pankow & Lewis, South Bend, Ind., for defendant-appellant.

Frank S. Spies, U. S. Atty., J. Terrance Dillon, Grand Rapids, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by Willie Thomas Reese, defendant-appellant, from his conviction in the United States District Court for the Western District of Michigan, on a charge of receiving and concealing stolen property

transported through interstate commerce, in violation of Section 2315, Title 18, U.S.C.[1] The appellant was tried and found guilty by a jury. He was sentenced to four years imprisonment which sentence was suspended on condition that he comply with certain requirements under probation for four years.

The alleged stolen property consisted of a load of plywood and some special order boards stolen from the Weed Lumber Company of Bristol, Indiana, on the night of September 30, 1976 and valued at $14,000. It was purchased by the appellant for $2,500. He claimed that he did not know it was stolen. There was sufficient evidence of the guilt of the appellant introduced at the trial to sustain the guilty verdict of the jury. No question is raised as to the sufficiency of the evidence.

■ During appellant's trial, four character witnesses were called on behalf of the appellant, who testified to his good character, his reputation for truthfulness and trustworthiness. On cross examination they were asked if they were aware or had heard that, during 1971, 1972 or 1973, Mr. Reese was buying stolen merchandise. They answered in effect that they had not heard such information. No objection was made to these questions. Neither is there a specific issue raised to this cross examination in the appellant's brief. In passing, we hold that the better practice would have been for the trial judge to have had a voir dire examination to determine whether there were actually such rumors before permitting the cross examination. This would avoid any random shots to the prejudice of the appellant. *Michelson v. United States,* 335 U.S. 469, 479, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Since there was no objection to the questioning, the trial judge appropriately did not see the need of an independent examination. We find no error in this cross examination. Fed.R.Evid. 404(a); *Michelson v. United States, supra; United States*

*v. Bermudez,* 526 F.2d 89 (2d Cir. 1975), *cert. denied,* 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976).

One of the claims made on behalf of the appellant is that the trial judge erred in permitting extrinsic evidence of the appellant's prior bad acts to be introduced for the purpose of attacking his credibility.

■ The appellant testified in his own behalf. During his direct examination he denied knowing that the plywood in question was stolen and also testified that he never knowingly dealt in stolen property. On cross examination he was asked if he ever bought stolen property in the years 1971, 1972 or 1973. He denied any such knowledge.

In rebuttal, however, the government called Sherman Vasvary and Michael McCann as witnesses. These witnesses testified that in 1972 and 1973 they committed numerous burglaries in the Elkhart, Indiana area at the behest of the appellant and then sold the property thus acquired to the appellant. They further testified that they had sold stolen property to the appellant in the years 1971, 1972 and 1973. The defense made no objection to this rebuttal testimony.

We hold that the trial court's allowance of the cross examination of appellant with reference to past instance of dealing in stolen property and the allowance of the rebuttal testimony thereto were proper exercises of the trial court's broad discretion. See, *United States v. Dudek,* Case No. 76–2537, 560 F.2d 1288 (6th Cir. 1977); *United States v. Czarnecki,* 522 F.2d 698, 702 (6th Cir. 1977), *cert. denied,* 431 U.S. 939, 97 S.Ct. 2652, 53 L.Ed.2d 257 (1977); *United States v. McFadyen Snider,* 552 F.2d 1178, 1183 (6th Cir. 1977); Fed.R.Evid. 404(b), Advisory Committee Note. This testimony was competent, not for the purpose of attacking the credibility of the appellant, but

---

1. "Whoever receives, conceals, * * * any goods, wares, or merchandise * * * of the value of $5,000 or more * * * moving as, or which are a part of, or which constitute interstate * * * commerce, knowing the same to have been stolen, * *

 Shall be fined * * * or imprisoned * * *."

for the purpose of showing motive, intent and knowledge. Fed.R.Evid. 404(b); *United States v. Dudek, supra; United States v. Czarnecki, supra* at 701–702; *United States v. McFadyen-Snider, supra,* at 1183; *United States v. Ailstock,* 546 F.2d 1285, 1289 (6th Cir. 1976). It would also show that there was a basis for the cross examination of the character witnesses about their knowledge of appellant's past dealings in stolen property. *Michelson v. United States, supra,* 335 U.S., at 479, 69 S.Ct. 213.

While no specific assignment of error in appellant's brief addresses trial court's instructions to the jury, the instructions on the subject of the rebuttal testimony now under consideration are closely related to the error claimed by the appellant. We, therefore, consider the instructions. The trial judge charged the jury on the subject of use to be made of the rebuttal testimony as follows:

"In this case each defendant has offered evidence of good general reputation for truth and veracity or honesty and integrity or as a law-abiding citizen, and you as jurors should consider such evidence along with all the evidence in the case. Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since the jury may think it improbable that a person of good character, in respect to those traits, would commit such a crime. *Further, in this case the United States Attorney presented certain witnesses in rebuttal to the character witnesses who had testified for the defendant Reese. All evidence so presented in rebuttal by the United States relates solely and only to the issue of good character.* (Emphasis added)

"Evidence that an act was done at one time or on one occasion is not any evidence or proof that a similar act was done at another time or on another occasion. That is to say, evidence that a defendant may have committed an earlier act of like nature may not be considered by the jury in determining whether the accused committed any act charged in the indictment.

"The jury should always bear in mind that the law never imposes upon a defendant in the criminal case the burden or duty of calling any witnesses or producing any evidence.

"You, as jurors, are the sole judges of the credibility of the witnesses and the weight that their testimony deserves. You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified and every matter in evidence would tend to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind and demeanor and manner while on the stand. Consider the witness' ability to observe the matter as to which he has testified, and whether he impresses you as having an accurate recollection of those matters."

 Before giving this instruction, the trial judge asked defense counsel if he had any objection to it. He replied that he had no such objection. We consider erroneous, however, the trial judge's reference in the first paragraph of the quoted instruction to rebuttal witnesses to appellant's character witnesses that "All evidence so presented in rebuttal by the United States relates solely and only to the issue of good character." Evidence of other crimes, wrongs or acts is not admissible on the issue of the character of the accused or the criminal propensity of the accused in order to show that he acted in conformity therewith. Fed.R.Evid. 404(b); *United States v. Dudek, supra; United States v. Czarnecki, supra,* at 701; *United States v. McFadyen-Snider, supra,* at 1183.

Such evidence, as stated previously herein, is admissible, if admissible at all, to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Fed.R.Evid. 404(b); *United States v. Dudek, supra; United States v. Czarnecki, supra,* at 701–702; *United States v. McFadyen-Snider, supra* at 1183; *United States v. Ailstock, supra* at 1289; *United States v. Ring,* 513 F.2d 1001, 1004 (6th Cir. 1975).

Appellant's character evidence could only have properly been rebutted by the testimony of other witnesses as to the bad reputation of appellant unless appellant's character or a trait thereof had been an essential element of the charge against appellant or his defense thereto. Fed.R.Evid. 405(a) and (b).

While the instruction relative to use of the rebuttal testimony, therefore, was error, the rest of the charge is proper and correct. The paragraph,

"Evidence that an act was done at one time or on one occasion is not any evidence or proof that a similar act was done at another time or on another occasion. That is to say, evidence that a defendant may have committed an earlier act of like nature may not be considered by the jury in determining whether the accused committed any act charged in the indictment."

is a correct statement with reference to similar acts of past conduct. It could have gone further and stated that the purpose of such testimony is for the purpose of showing intent, knowledge and absence of mistake, but the statement tends to put the rebuttal testimony in proper perspective.

Rule 30 of the Federal Rules of Criminal Procedure provides:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

■ Since the defendant made no objections to the jury instruction as given, this Court must review the adequacy of the instruction under the "plain error" standard of Rule 52(b) Federal Rules of Criminal Procedure. Rule 52(b) provides:

"Plain Error. Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

For application of the rule, see *United States v. Pope*, 561 F.2d 663 (6th Cir. Sept. 2, 1977); *United States v. LaRiche*, 549 F.2d 1088, 1092 (6th Cir. 1977).

We have held herein above that McCann's and Vasvary's rebuttal testimony was permissible under Rule 404(b) to show appellant's knowledge of the stolen nature of the plywood and his criminal intent in dealing with it. Such is an exception to the general rule in jury trials that evidence of instances of prior misconduct of a criminal defendant are inadmissible to show defendant's bad character or criminal propensity. *United States v. Dudek*, Case No. 76–2537, 560 F.2d 1288 (6th Cir. 1977); *United States v. Czarnecki, supra; United States v. Mahar*, 519 F.2d 1272, 1273 (6th Cir. 1975), *cert. den., sub. nom. Harris v. United States*, 423 U.S. 1020, 96 S.Ct. 458, 46 L.Ed.2d 393 (1975); *United States v. Semak*, 536 F.2d 1142, 1144 (6th Cir. 1976).

However, we have found no Sixth Circuit authorities, and none is cited by the appellant, for the proposition that instructing a jury that it may consider evidence of past misconduct as bearing on the issue of defendant's good character constitutes "plain error" requiring reversal.

In *United States v. Faulkner*, 538 F.2d 724, 728 (6th Cir. 1976), *cert. denied*, 429 U.S. 1023, 97 S.Ct. 640, 50 L.Ed.2d 624 (1976), the court held that the failure of the trial judge to instruct a jury as to the limited purpose of testimony relating to an accused's past conduct is not "plain error." The court said:

"As a general rule, in jury trials evidence of a criminal defendant's prior misconduct is inadmissible in the prosecution's case in chief to show the accused's bad character or criminal propensity. (Citation omitted). However, there are exceptions to this general rule which permit evidence of a defendant's prior misconduct to 'show motive, intent, absence of mistake or inadvertence, identity of the offender or a common plan, pattern, or scheme.' (Citation omitted).

\* \* \* \* \* \*

"Although the trial judge did not instruct the jury as to the limited nature of this testimony, appellant waived any right to object because the failure to so instruct

did not constitute plain error." Fed.R. Crim.P. 30. See also, *United States v. Semak*, 536 F.2d 1142 (6th Cir. 1976).

We conclude that, even though the trial judge may have erred in the charge, as indicated above, it was not "plain error" requiring reversal.

 Another claim made on behalf of the appellant is that the trial court erred in allowing Susan Crandall to testify about records not under her control and by allowing into evidence government's exhibit No. 23. That exhibit consisted of xeroxed copies of newspaper articles purporting to show the visiting hours of patients at Elkhart General Hospital where appellant's wife was hospitalized at certain times material to this action. The articles were dated by a hospital employee and placed in a scrapbook which was kept in the Public Relations Department of the hospital. Their admission through the testimony of Crandall was sought by the government to prove appellant could not have been visiting his wife at the time testified by him.

While defendant complains that the hospital scrapbook was not kept under the supervision of Crandall who was the hospital's medical records administrator, Fed.R. Evid. 803(6) allows such records of regularly conducted activity to be admitted through the testimony of "the custodian *or other qualified witness*." (Emphasis added) Crandall's testimony established that she was an employee of the hospital with knowledge of the hospital's regular practice of dating and keeping such newspaper articles in the regular course of its business. The rule is absent any requirement that the record's "custodian or other qualified witness" have personal knowledge of the particular evidence contained in the record. The fact that the item in the newspaper was factually written by a newspaper employee and not an employee of the hospital is not determinative of the exhibit's admissibility since the rule specifically provides that the "memorandum, report, record, or data compilation, in any form" could be made "from information transmitted by, a person with knowledge." In this instance,

the hospital itself would qualify as a "person with knowledge." Accordingly, the trial court did not err in admitting the exhibit.

 After the parties had rested and the closing arguments were completed, counsel for the appellant moved to reopen the case to permit the appellant to offer in evidence a pass admitting him to the hospital at times other than the regular visiting hours. This would have been offered in rebuttal to the testimony of Susan Crandall. The trial judge did not allow the case to be reopened. This was discretionary with the trial judge and we consider that he did not abuse his discretion. *United States v. Bridgefourth*, 538 F.2d 1251, 1253 (6th Cir. 1976); *United States v. Billingsley*, 474 F.2d 63, 67 (6th Cir. 1973).

 Finally, it is claimed on behalf of the appellant that the judgment of conviction should be vacated and the indictment dismissed with prejudice for the reason that the appellant was not sentenced within a reasonable time after the jury verdict.

The jury verdict of guilty was returned on June 30, 1976. Thereafter, on July 7, 1976, the court granted the defendant a five day extension of time within which to file a motion for new trial. The motion was filed within that time. On August 16, 1976, a brief was filed on behalf of defendant-appellant. On August 26, Attorney Timothy Woods entered his appearance for defendant-appellant. Defendant's amended motion for new trial and brief in support thereof were filed on September 7, 1976. On November 12, 1976, the government filed a brief in opposition to defendant's motion for new trial. The government filed a brief in opposition to defendant's brief in support of the amended motion for new trial on December 3, 1976. Defendant's brief in reply to government's brief in opposition to motion for new trial was filed on December 6, 1976. On December 13, 1976 defendant filed a reply to government's brief in opposition to defendant's brief in support of amended motion for new trial.

Thereafter on March 18, 1977, the trial judge entered a sixteen page opinion denying the defendant's motions for a new trial. On April 7, 1977, the defendant was sentenced to a four year term of imprisonment with certain terms of probation requiring only an immediate thirty days confinement in jail and the payment of a five thousand dollar fine.

Appellant claims that his right to a speedy trial under the Sixth Amendment was violated. This Amendment reads as follows:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * * "

*Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), involved the issue of defendant's right to a speedy trial in the context of a delay between the date of arrest and the date of trial. At p. 530, 92 S.Ct. at p. 2192, the court said,

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. * * * [W]e identify four such factors: Length of delay, reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

Considering these factors in the light of the circumstances of the case now before us, we do not find that the delay between the return of the verdict and the sentencing was unreasonable. The defense consumed a great deal of time with filing motions, amended motions and briefs in support of a new trial. Obviously the government was entitled to time for response. The judge was entitled to time to research the issues raised and write an opinion. The defendant was not confined in jail any time during the interim from arrest to sentence. We do not find any prejudice to the defendant nor is there any claimed. Neither do we find that the defendant ever asserted his right to an earlier sentence in the trial court.

We do not find that the delay was either purposeful or oppressive. See *Pollard v. United States*, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); *Welsh v. United States*, 348 F.2d 885 (6th Cir. 1965). At p. 887, in *Welsh, supra,* the court said,

"Appellate courts must assume, in the absence of anything in the record to the contrary, that delay in pronouncing sentence was for a lawful purpose in the orderly process of handling the case."

In *United States v. Mulligan*, 520 F.2d 1327, 1331 (6th Cir. 1975), the court was concerned with a 25 month interval between date of arrest and date of trial. After considering the four factors in *Barker v. Wingo, supra,* the court affirmed the conviction.

We find no merit to the claim that the appellant's Sixth Amendment rights were violated.

The judgment of conviction is AFFIRMED in all respects.