925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Larry SIMPKINS, Defendant-Appellant.
 No. 90-3149.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Robert Larry Simpkins, appeals his conviction for possession of cocaine with intent to distribute and maintaining premises for the distribution of cocaine base.[1] On appeal, Simpkins raises three issues: (1) the evidence on the count of possession with intent to distribute was insufficient; (2) the trial court erred in not instructing the jury on the lesser included offense of possession of cocaine; and (3) the indictment was multiplicitous. Finding no merit to these claims of error, we affirm.
 
 I.
 
 2
 On February 23, 1983, Columbus police detective Jennifer Ward, working in an undercover capacity, sought to purchase crack cocaine from the premises located at 618 Seymour, Columbus, Ohio. A black male who answered the door told her the Seymour house was "down," and he directed her to 697 Berkeley located nearby. Ward went to the Berkeley address and was directed to put $25 through a hole in the side door. In return, she received a rock of crack cocaine. Prior to the sale being completed, Ward heard two black males conversing on the other side of the door. Simpkins is a black male.
 
 
 3
 The next day a search warrant was executed at 697 Berkeley, and in the basement police found defendant Simpkins and a Mr. Mullins. Simpkins was the lessee of these premises and Mullins rented from him. Two rocks of crack cocaine were found on the basement floor near Simpkins. Near the barricaded door with the hole in it, the police found in the ceiling rafters a plastic bag containing 43 rocks of crack cocaine. Simpkins admitted to ownership of the two rocks of crack cocaine found on the floor as well as ownership of a pipe containing a one unit dose.
 
 
 4
 The police also found two handwritten notes in the stairwell near the side door, which Simpkins admitted to writing. One note said, "Please wait, right back." The other said, "At the telephone on Livingston." Each note was signed with the letter "L." While the police were still on the premises, another customer came to the house to buy cocaine and was arrested after he put $25 through the hole in the side door.
 
 II.
 
 5
 Defendant argues that, although he was clearly guilty of simple possession of cocaine, the evidence was insufficient to convict him of aiding and abetting possession with intent to distribute cocaine.
 
 
 6
 We first must address the fact that defendant failed to make a motion for judgment of acquittal at the close of all the evidence.
 
 
 7
 Generally, when the sufficiency of the evidence is challenged on appeal, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). However, the standard of review is different where the defendant fails to preserve his right to challenge the sufficiency of the evidence. This court has held, "Absent a manifest miscarriage of justice, we are unable to review the district court's denial of a Rule 29 Motion where the defendant did not renew that Motion at the close of all the evidence." United States v. Faymore, 736 F.2d 328, 334 (6th Circ.), cert. denied, 469 U.S. 868, 105 S.Ct. 213, 83 L.Ed.2d 143 (1984) (emphasis in original).
 
 
 8
 United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989).
 
 
 9
 In an obvious effort to avoid the effect of this rule, defendant argues that, generally, where we have cited to the rule as being applicable, we nonetheless go on to actually review the sufficiency of the evidence. Assuming this observation to be correct, we would make two comments. First, the fact that we sometimes backstop our conclusion with an alternate holding does not mean the rule lacks vitality. The rule serves a very useful purpose. It discourages the use of the "sporting theory" of criminal justice where a defendant will not object to errors in the trial court, hoping to urge reversible error on the appellate court. If the evidence is viewed by a defendant to be insufficient at the close of the case, it is important to call this to the court's attention. If the missing evidence is material and not available, then defendant is properly entitled to an acquittal. If, however, there is material evidence missing but available, the trial court should have the option of allowing the government to reopen its case.
 
 
 10
 A second reason why appellate courts are likely to consider the sufficiency of the evidence, notwithstanding a procedural default on the part of a defendant, is that a substantial part of the appellate civil docket is comprised of habeas cases, and a substantial number of these cases raise the issue of ineffective assistance of counsel. By considering the evidence and concluding it to be sufficient, we eliminate one possible habeas issue. We elect to follow that salutary policy here and conclude that the evidence was sufficient to support a conviction for possession with intent to distribute.
 
 
 11
 The fact that defendant was an addict and would thus possess cocaine for his own use does not logically dictate that he was not also aiding and abetting its distribution. By defendant's own account, he would get two rocks of crack cocaine every morning as "rent" for the premises, but if sales were good that day, he would get a bonus of two additional rocks at the end of the day. Defendant lived on the premises and, although he testified at trial, he gave no indication that anyone other than he and Mullins were there to run the cocaine business. The notes that were found also are circumstantial evidence of defendant helping with the sales effort, notwithstanding that he offered another explanation for the notes. Simpkins' statement that he did not even know where Mullins kept his "stash" simply does not ring true when one considers that he received two to four rocks of cocaine daily from the stash.
 
 
 12
 Simpkins also admitted that he allowed other illegal usage of the house prior to Mullins' use. For example, he admitted to running a "smoke house" for addicts who wanted to smoke cocaine. Certainly a conviction on this quantum of evidence did not result in a "manifest injustice," which is our standard of review under these circumstances.
 
 III.
 
 13
 At trial, defendant did not request an instruction on the lesser included offense of possession of cocaine base, although he would have been entitled to one. Neither did he object to the absence of such a charge. Federal Rule of Criminal Procedure 30 provides, in pertinent part, that "[n]o party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict...." (Emphasis added). We have frequently held that, absent plain error, the failure to object to a jury charge constitutes a waiver of any defect in the charge. United States v. Reese, 568 F.2d 1246 (6th Cir.1977).
 
 
 14
 We find no plain error here. Defendants, as a matter of strategy, frequently do not want lesser included offense instructions to be given, particularly if it is clear, as it was here, that the defendant was guilty of the lesser included offense. By limiting the jury's consideration to the offense of possession with intent to distribute, defendant was able to pursue the line of defense he adopted, i.e., that he was an addict and let Mullins use his house but was not otherwise involved.
 
 
 15
 Most significantly, the defendant received the benefit of an instruction relating to possession that placed his theory before the jury without exposing him to a conviction for mere possession. The court instructed the jury:
 
 
 16
 Possession of a controlled substance with the intent to keep it for one's own personal use rather than to transfer it to another does not constitute possession with intent to distribute it. You must determine whether the defendant possessed a controlled substance and, if so, what his intent was in possessing it. You may consider all the circumstances in the case, including the quantity of drugs, if any, which you find was possessed by the defendant in determining whether the defendant possessed a controlled substance with the intent to distribute it.
 
 
 17
 (App. at 68).
 
 
 18
 In sum, we find no error, much less plain error, with regard to the omission of a lesser included offense instruction.
 
 IV.
 
 19
 Defendant's final argument is that the indictment was multiplicitous. Defendant contends that the exact same acts were relied upon by the government to prove both charged offenses. "An indictment may not charge a single offense in several counts without violating the rule against 'multiplicity.' " United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir.), cert. denied, 454 U.S. 875 (1981) (citations omitted).
 
 
 20
 We have trouble following Simpkins' argument. The offenses of allowing premises under one's control to be used as a crack house and possession with intent to distribute do not involve the same elements. Blockburger v. United States, 284 U.S. 299 (1932). To be found guilty of possession with intent to distribute, one must "possess," whether that possession is constructive or actual. To be found guilty of making premises available for drug distribution, one does not need to be found to possess the drugs. Simpkins' argument seems to be that he only aided and abetted the distribution of cocaine and that he did that only by making premises under his control available to Mullins. The problem with this argument is that it is speculative. Although 18 U.S.C. Sec. 2 was charged in connection with the substantive offense of possession with intent to distribute, we have no way of knowing whether the jury found Simpkins to be only an aider or abettor. The jury could have found that Simpkins, as an occupant of the premises, had constructive or joint possession of the cocaine and could have also found that he helped in its distribution. We see no infirmity in Congress providing a punishment for one who makes premises available for drug distribution and then providing a further punishment if the "premises provider" also actually participates in the distribution of controlled substances. Also, the offenses here were not tied in the sense that whatever verdict the jury reached on one count would automatically dictate the result on the other count.
 
 
 21
 Insofar as double punishment is concerned, none is involved here. The statutory maximum on the section 856 count is 20 years. On the section 841(a)(1) count, the prescribed sentence for the quantities of cocaine involved was not less than five years nor more than 40 years. Defendant received a sentence of 77 months, the lowest sentence applicable under the Sentencing Guidelines. Some confusion may have been generated because the document entitled "Judgment Including Sentence Under the Sentencing Reform Act" indicates that:
 
 
 22
 The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Seventy seven (77) months. This term consists of terms of 77 months on each of counts 1 and 2, to be served concurrently.
 
 
 23
 (App. at 7).
 
 
 24
 Under the United States Sentencing Guidelines, if the defendant was convicted only on count 2, his sentence, without consideration of any upward departure, would have been less than 77 months. However, when we examine the "Report of Statement of Reasons for Imposing Sentence" (App. at 11), it is clear that the trial judge grouped these two offenses pursuant to U.S.S.G. Sec. 3D1.2 and arrived at a criminal history category of IV and a total offense level of 24. This results in a guideline range of 77-96 months. Defendant does not argue that the 77 months imposed was an improper sentence. In order to receive any sentence relief in this case, defendant would have to convince us that his count one conviction for possession with intent to distribute cocaine was improper. He has failed to do so.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 The possession count charged a violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The premises count charged a violation of 21 U.S.C. Sec. 856(a)(1) and 18 U.S.C. Sec. 2