Nancy L. ELLIS, individually and as next friend of Catherine E. Lanthorn, minor child of the deceased, Craig W. Lanthorn, Plaintiff,

v.

R.D. JAMERSON, individually, Defendant.

No. 2:95–CV–325.

United States District Court,
E.D. Tennessee
at Greeneville.

May 25, 2001.

748

Wanda G. Sobieski, Sobieski, Messer & Associates, Knoxville, TN, for Plaintiff.

Mark C. Hicks, Jr., Washington County Attorney, Jonesborough, TN, Olen G. Haynes, Arnold, Haynes & Sanders, Johnson City, TN, for Defendant.

## *MEMORANDUM*

COLLIER, District Judge.

After many years of litigation, this sad case about the jail suicide of Craig W. Lanthorn ("Decedent") has come down to one civil rights claim against one of the original defendants, Sergeant R.D. Jamerson ("Defendant"), a jailor in the Washington County Jail. The remaining claim arises under 42 U.S.C. § 1983. Before the Court is Defendant's second motion for summary judgment (Court File No. 265).[1] In disposing of this motion, the Court has considered Defendant's supporting memorandum (Court File No. 266), Plaintiff's response (Court File No. 271), Defendant's reply (Court File No. 274), Plaintiff's supplemental response (Court File No. 275), and Defendant's supplemental reply (Court File No. 276). For the following reasons, the Court will **GRANT** Defendant's motion and **DISMISS** the case.

---

1. The Court previously denied Defendant's first motion for summary judgment. *Ellis v. Washington County et al.*, 80 F.Supp.2d 791 (E.D.Tenn.1998), *aff'd*, 198 F.3d 225 (6th Cir. 1999), *cert. denied*, 529 U.S. 1087, 120 S.Ct. 1720, 146 L.Ed.2d 642 (2000).

## I. *STANDARD OF REVIEW*

Under Rule 56(c) of the *Federal Rules of Civil Procedure,* the Court will render summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir.1994); *Kentucky Div., Horsemen's Benevolent & Prot. Ass'n, Inc. v. Turfway Park Racing Ass'n, Inc.,* 20 F.3d 1406, 1411 (6th Cir.1994). The Court must view the facts ·and all inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Oakland Gin Co. v. Marlow,* 44 F.3d 426, 429 (6th Cir.1995); *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 250 (6th Cir.1994).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lansing Dairy,* 39 F.3d at 1347; *Horsemen's Benevolent,* 20 F.3d at 1411; *see also Guarino v. Brookfield Township Trs.,* 980 F.2d 399, 404–06 (6th Cir.1992) (holding courts do not have the responsibility to search the record *sua sponte* for genuine issues of material fact). That evidence must be admissible under the *Federal Rules of Evidence. March v. Levine,* 249 F.3d 462, 471 (6th Cir.2001). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper question for the jury, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435–36 (6th Cir.1987). The standard for summary judgment mirrors the standard for directed verdict. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.; Lansing Dairy,* 39 F.3d at 1347; *Horsemen's Benevolent,* 20 F.3d at 1411.

## II. *PROCEDURAL HISTORY AND RELEVANT FACTS*

The Court has previously recited the facts underlying this § 1983 case and will not rehearse them in their entirety here. The procedural history of the case, however, warrants some explanation. This case originally involved multiple defendants—Washington County, Tennessee, Ron England, R.D. Jamerson, Billy Mitchell, Johnson City, Tennessee, Ron Street, and Sam Garland. On July 18, 1997, Defendant Jamerson moved the Court for summary judgment (Court File No. 98). Each of the other defendants also moved for summary judgment. The Court subsequently issued an Order granting summary judg-

ment on the grounds of qualified immunity in favor of all defendants but Defendant Jamerson. *See Ellis v. Washington County et al.*, 80 F.Supp.2d 791 (E.D.Tenn. 1998). The Court found Plaintiff had introduced some evidence that Defendant saw Decedent initiate his suicide at 1:45 p.m. but did not alert other officers until 1:55 p.m. In particular, the Court stated:

> As evidence Jamerson saw Lanthorn tie the noose at 1:45, Plaintiffs rely on the following statement Sheriff Ron England made to the press:
>
> > Our sergeant Jamerson was watching the monitors and seen him when he tried to place the loop on the bars and summonsed an upstairs jailer—they went in and one inmate helped hold him up and the jailers and the inmates took the noose from around his neck.
>
> (Exh. D, Court File No. 124). In another statement, England indicated:
>
> > [Lanthorn] was a Johnson City police department prisoner and ... they transported him down here at 11:00 a.m. ... [H]e was booked in, placed in a cell with four other inmates, and like I said at 1:45 while watching the monitor, sergeant Jamerson seen him put the sheet around his neck which was fashioned as a rope.
>
> (*Id.*).

*Ellis*, 80 F.Supp.2d at 801. Because the Court found this evidence, if proven, could be sufficient to demonstrate Defendant's deliberate indifference to Decedent's need for immediate medical care, the Court concluded there remained a genuine issue of material fact as to Defendant's individual liability under § 1983. Hence, the Court held Defendant was not entitled to a qualified immunity defense. While the Court denied Defendant's motion for summary judgment regarding his individual liability, it dismissed as duplicative Plaintiff's claim against Defendant in his official liability.

The United States Court of Appeals for the Sixth Circuit affirmed the Court's Order. *Ellis v. Washington County et al.*, 198 F.3d 225 (6th Cir.1999) (Merritt, J.). The Sixth Circuit also dismissed Defendant's challenge to the Court's determination he was not entitled to a qualified immunity defense. However, the Sixth Circuit clearly indicated it did not reverse on this issue solely because Defendant's cross-appeal was improperly before it. Judge Merritt unequivocally stated Sheriff England's statements were "unreliable hearsay" and in no way should have been considered at the summary judgment stage: "The summary judgment rule, Rule 56(e) is clear that such rulings may be based only on statements 'made on personal knowledge' or statements otherwise 'admissible in evidence' by a witness 'competent to testify to the matters stated.' ' *Id.* at 229. Thus, the Sixth Circuit at once sent the case back to this Court because a factual dispute remained and advised the Court the factual dispute arose only "from the rankest type of inadmissible hearsay," which "[n]o exception to the hearsay rule would let ... in." *Id.*

## III. DISCUSSION

### A. Plaintiff's § 1983 Claim

■ The Court set forth the applicable law for liability under § 1983 in its Order denying Defendant's first motion for summary judgment and will not repeat itself here. The Court previously found Defendant was performing a discretionary function at the time of Decedent's suicidal actions. *Ellis*, 80 F.Supp.2d at 800. Hence, Defendant is entitled to qualified immunity unless Plaintiff shows Defendant's acts or omissions "violate[d] constitutional standards in light of clearly established law at the time [he] acted ." *Barber v. City of Salem*, 953 F.2d 232, 236 (6th

Cir.1992); *see also Rich v. City of Mayfield Heights,* 955 F.2d 1092, 1095 (6th Cir.1992). The relevant inquiry in cases like this one involving jail suicides asks "whether the decedent showed a strong likelihood that he would attempt to take his own life in such a manner that failure to take adequate precautions amounted to deliberate indifference to the decedent's" medical or psychological needs. *Barber,* 953 F.2d at 240.

Plaintiff contends Sheriff England's statements demonstrate Defendant's deliberate indifference to Decedent's psychological needs. In particular, she avers his statements indicate Defendant saw Decedent's suicidal maneuver and then waited ten minutes before summoning assistance. Defendant argues Sheriff England's statements are inadmissible hearsay and therefore cannot be considered as evidence. Without Sheriff England's statement, Defendant continues, Plaintiff cannot meet her burden of showing Defendant's acts or omissions "violate[d] constitutional standards in light of clearly established law at the time [he] acted." Although Plaintiff strenuously argues Sheriff England's statements are admissible, she appears to acknowledge her case is lost without them. Thus, the only question remaining for the Court in disposing of Defendant's summary judgment motion is whether Sheriff England's statements are admissible under the hearsay rules of the *Federal Rules of Evidence.* The Sixth Circuit left no doubt as to its position—they are not. Upon further review, this Court agrees the statements are inadmissible hearsay.

**B. The Applicability of the Hearsay Rule**

■ The *Federal Rules of Civil Procedure* requires statements considered in disposing of a motion for summary judgment to be "admissible in evidence" and "made on personal knowledge." FED. R. CIV. P. 56(e). Hence, evidence considered at the summary judgment stage is subject to the *Federal Rules of Evidence. See March,* 249 F.3d 462, 471 . " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). "Hearsay is not admissible except as provided by [the *Federal Rules of Civil Procedure* ]." *Id.* 802.

The parties appear to agree Sheriff England's declaration is hearsay (Court File No. 275, at 1). Plaintiff proposes numerous scenarios under which his statement should be admitted under various exceptions to the hearsay rule. The Court will consider each.

**1. Rule 803(8): Public Records and Reports**

The *Federal Rules of Evidence* provides an exception to the hearsay rule for

statements . . . of public offices or agencies, setting forth (A) the activities of the office or agency, . . . or (C) in civil actions and proceedings . . ., factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness.

FED. R. EVID. 803(8). Plaintiff correctly notes courts are to take a broad approach to admissibility under Rule 803(8). *See Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). There are, of course, limits to this breadth. Although *Beech* held opinions and conclusions may be admissible under the rubric of Rule 803(8), the Supreme Court indicated such a statement must be based on a trustworthy factual investigation to be admitted. *Id.* at 170 ("As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report.").

Plaintiff proposes Sheriff England's declaration constitutes a statement setting forth either the activities of the jail "and/or" factual findings from an investigation of Decedent's death (Court File No. 271, at 7). In essence, she argues his statements were based on a factual investigation and thus are reliable. In support of her argument, Plaintiff offers her own statement about what another jailor told her about Sheriff England's investigation. Plaintiff's statement is, however, patently inadmissible hearsay and therefore cannot be considered. Plaintiff also proposes the Court infer the existence of a factual investigation based on the detail of Sheriff England's second-hand knowledge of Decedent's death. As a basis for admitting a statement under an exception to the hearsay rule, this argument is circular and unpersuasive.[2] Plaintiff has offered no evidence an investigation had been completed by the time of Sheriff England's press conference.[3] In the absence of any admissible probative proof of a completed investigation, and considering that Sheriff England's comments did not recite first-hand knowledge, the Court finds his statements lack trustworthiness. Rule 803(8) is inapplicable here.

## 2. Rule 803(6): Records of Regularly Conducted Activity

The *Federal Rules of Evidence* provides an exception to the hearsay rule for a

report ..., in any form, of acts [or] events ... made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the ... report ..., as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

FED. R. EVID. 803(6). Under Rule 803(6), a declarant's statement may be admissible even though it was not based on personal knowledge, as long as the source of declarant's knowledge was a regularly kept record admitted through "the testimony of the custodian or other qualified witness." *See United States v. Reese*, 568 F.2d 1246, 1252 (6th Cir.1977) (concerning records in the form of a hospital's regularly kept scrapbook of newspaper articles). This hearsay exception is premised on the idea that regularly kept records are reliable and therefore that a declarant's hearsay statement should be deemed trustworthy if it is based on such a presumptively reliable source of information.

Plaintiff argues Sheriff England's statements constituted a contemporaneous "oral report" based on information that was "obviously obtained from 'someone with knowledge'" (Court File No. 171, at 11–

---

**2.** Plaintiff asks the Court to consider the hearsay statement trustworthy because it is founded on a report. As evidence of the reliability of the report, Plaintiff draws inferences from the same hearsay statement.

**3.** The verb tense used in Rule 803(3)(C) clearly implies the investigation must have been completed in order to give reliability to statements made about its results—"factual findings resulting from an investigation *made* pursuant to authority granted by law." Indeed, the premise for recognizing exceptions to the

hearsay rule provided by Rule 803 is that certain statements may be considered inherently trustworthy. While a statement bottomed on a completed report is presumably trustworthy even though it does not recite first-hand knowledge, a statement based neither on a completed investigation nor on an identifiable source of information is inherently untrustworthy. To suggest otherwise ignores the purpose of the hearsay rules and strains credulity.

12). The Court fails to comprehend how statements at a press conference about a jail suicide could constitute an "oral report" kept in the regular court of business. Plaintiff also (and more plausibly) suggests Sheriff England regularly relied at press conferences on prepared press releases, which she contends are reliable reports. While Sheriff England testified he generally relied on prepared press releases, he also testified he did not base his comments to the press about Decedent's suicide either on a press release or on any other report. Hence, Plaintiff has not sufficiently identified the source of the information—whether a "person with knowledge" or a report kept in the regular course of business—on which Sheriff England relied in making his comments. The uncertainty of both the source of his information and the circumstances of his preparation for the press conference thus renders Sheriff England's comments untrustworthy. Rule 803(6) is inapplicable here.

### 3. Rule 803(5): Recorded Recollection

 The *Federal Rules of Evidence* provides an exception to the hearsay rule for

[a] memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly.

FED. R. EVID. 803(5). Plaintiff argues this rule should allow Sheriff England's statement to be used to refresh his recollection of the basis for his comments at the press conference. This argument assumes Sheriff England "once had knowledge" of admissible evidence. Sheriff England may

once have had knowledge of the source of information on which he relied. However, there is absolutely no evidence he ever had personal knowledge of Defendant's conduct. Hence, Plaintiff proposes allowing Sheriff England to use a recording of his press conference statement to refresh his recollection of hearsay evidence. This does not address the fundamental problem with the nature of Sheriff England's statement. Rule 803(5) is inapplicable here.

### 4. Rule 804(b)(3): Statements Against Interest

 The *Federal Rules of Evidence* provides that certain hearsay statements will not be excluded by the hearsay rule "if the declarant is unavailable as a witness." Included under this rule is

[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

FED. R. EVID. 804(b)(3). Plaintiff has offered no evidence Sheriff England is unavailable as a witness. Indeed, Sheriff England gave extensive deposition testimony, to which Plaintiff frequently cited in her responses to Defendant's motion for summary judgment. Accordingly, Rule 804(b)(3) is inapplicable here.

### 5. Rule 807: Catch–All Exception

 The *Federal Rules of Evidence* includes a catch-all exception to the hearsay rule:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the

statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. . . .

FED. R. EVID. 807. "Before [Rule] 807 can be utilized, the proponent of the hearsay evidence must provide the Court with indicia of trustworthiness similar to that found in other hearsay exceptions." *Ritchie v. Stamler Corp.*, 205 F.3d 1341, 2000 WL 84461 (6th Cir.2000) (unpublished table opinion).

Plaintiff argues Sheriff England's statement is shrouded in sufficient indicia of trustworthiness. The Court disagrees for the reasons previously stated. While Sheriff England may once have had knowledge of the source of the information on which he relied in speaking to the press, Plaintiff cannot corroborate the information source using admissible evidence to prove its reliability. More to the point, Plaintiff has offered no evidence Sheriff England ever had personal knowledge of Defendant's conduct. Accordingly, any statement Sheriff England ever made about Defendant's conduct is hearsay. The cumulative effect of these circumstances is that Sheriff England's comments lack trustworthiness—not because Sheriff England is or is not inherently untrustworthy as a person, but because his comments were not based on first-hand knowledge or some other reliable source.[4]

## IV. CONCLUSION

Because Plaintiff has offered no significant probative evidence in support of her § 1983 claim against Defendant, the Court will **GRANT** Defendant's motion for summary judgment and **DISMISS** the case.

### ORDER

In accordance with the accompanying Memorandum, the Court **GRANTS** Defendant R.D. Jamerson's motion for summary judgment (Court File No. 265). As no other matters remain for adjudication, the Court **DISMISSES** the case.

**SO ORDERED.**

---

4. For this reason, the Court need not address Plaintiff's allegation that Sheriff England is exercising selective memory in order to protect Defendant.