KIRKUS, Respondent, v. BENDER et al., Appellants.

(148 N. W. 513.)

**Principal and Agent—Agency Contract—Ostensible Agency—Statute —Directing Verdict.**

Where, in an action for price of breaking defendant's land, plaintiff having been engaged to do the breaking by defendant's tenant under directions of defendant's agent for drawing leases and collecting rents, and defendant having previously employed the tenant to break his land, and having furnished seed and received the crop from a portion of the land broken by plaintiff, yet he had no knowledge of the contract with plaintiff, or of the breaking in question having been done by him, **held,** that defendant did not "intentionally or by want of ordinary care" cause plaintiff to believe that the said agent was defendant's agent for ordering breaking, so as to create an ostensible agency under Civ. Code, Sec. 1661; and that a verdict should have been directed for defendant.

Smith, P. J., and McCoy, J., not sitting.

(Opinion filed August 10, 1914.)

Appeal from Circuit Court, Aurora County. Hon. FRANK B. SMITH, Judge.

Action by Thomas Kirkus against George B. Bender, impleaded with another, to recover for price of breaking land. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

*Fellows & Fellows,* for Appellants.
*Herbert E. Hitchcock,* for Respondent.

Appellants cited:

Civ. Code, Sec. 1661.

GATES, J. The defendant, a nonresident of the state, owned land in Aurora county upon which one Jacobson was a tenant. One Auld was defendant's agent for the purpose of drawing leases and looking after the collection of rents. Plaintiff broke 91 acres of this land under direction of the tenant, whose authority therefor purported to come from Auld. Defendant refused to pay for the same, and this action was brought on contract for the breaking of said 91 acres at the alleged contract price of $4 per acre. Judgment was rendered against defendant in favor of plaintiff. From said judgment and an order denying a new trial, defendant appeals.

It is not contended that Auld had express authority from defendant to order the breaking, so that the sole question for our consideration is whether he was defendant's ostensible agent for that purpose. The facts, viewed in the light most favorable to plaintiff, are as follows: Defendant desired Jacobson to break 50 acres for a fire break on the north side of the land. Jacobson agreed to do this at the agreed price of $3 per acre, the same to be credited upon his cash rent for the hay. Jacobson broke about three acres and quit. He then went to Auld, and, according to Jacobson, the following conversation took place:

"He asked me how much I broke. I told him I started and quit. I did not tell how much I had broke. I said, 'You can get a breaking outfit in there if you want it broke either Wednesday or Thursday.' He says, 'You can?' and I says, 'Yes.' He said, 'Have them pull in and break 100 acres,' and I said, 'They won't break it for what I agreed to break it for,' and he said, 'That won't make any difference, he [meaning defendant] wants it broke, so go ahead and break it.' He said, if I could get them to have them pull in there and break 100 acres, and that is the way I carried it to the boys [meaning plaintiff]."

Plaintiff testified that Jacobson repeated to him his instructions from Auld, and that he was to receive $4 per acre. Plaintiff proceeded to do the breaking. While the ground was being broken Jacobson secured 20 bushels of flax, which was ordered and paid for by Auld, and seeded the same upon the breaking. After the breaking was completed, plaintiff took the bill to Auld, who sent it to defendant. Some time later plaintiff saw defendant, and at this time, according to plaintiff, defendant said:

"I would wait a long time before I got my money, and he said to go to the man that hired me to do this breaking; he hadn't had anybody do breaking there."

Prior to the time Auld received the bill he had not seen or known the plaintiff. It does not appear that defendant knew that plaintiff was doing or had done this breaking until the time he received the bill from Auld. After making the arrangement with Jacobson to break the 50 acres, defendant reported the same to Auld, and directed him to furnish Jacobson the flax, defendant says, for from 15 to 30 acres of breaking. Defendant also told Auld that if he bought a little more than would be needed, it would not make any difference, as it could be sold. Defendant received the proceeds of the flax crop from Auld. Auld collected what Jacobson paid him. Auld attended to the matter of the seed and taking the money for the flax that was raised. Section 1661, Civ. Code, reads as follows:

"An agency is ostensible when the principal intentionally or by want of ordinary care, causes a third person to believe another to be his agent, who is not really employed by him."

A careful examination of the evidence fails to disclose that the defendant, either intentionally or by want of ordinary care, caused the plaintiff to believe Auld to be his agent for the purpose of ordering the breaking. The motion of the defendant for a direction of the verdict should have been granted.

The judgment and order appealed from are reversed.

SMITH, P. J., and McCOY, J., not sitting.