Annette IOERGER and Cynthia Ioerger, by
Shirley Ioerger, their Conservator,
Appellee,

v.

Helen SCHUMACHER, Treasurer of

Hardin County, Appellant,

Hardin County Board of Supervisors,
Intervenor-Appellant.

No. 55128.

Supreme Court of Iowa.

Jan. 17, 1973.

Lundy, Butler, Wilson & Hall, Eldora, for appellant and intervenor-appellant.

William N. Dunn, Eldora, for appellee, in trial court only.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

MASON, Justice.

The treasurer of Hardin County and Hardin County board of supervisors appeal from decree enjoining collection of an assessment of $1738.48 against a tract of land owned by Annette Ioerger age 11 and her sister Cynthia age 13. The board also appeals from that portion of the decree dismissing its action for declaratory judgment and its counterclaim seeking judgment for the amount of the assessment. The assessment, for drainage district improvement costs, arises from the extension of an outlet in Hardin County drainage district No. 11 by annexing approximately eight acres of land and adding 1000 feet of tile. The project cost $10,675.66 and has been completed.

In 1963 or 1964 Valie Ioerger and his wife Shirley purchased an 80-acre tract which is a part of Hardin County drainage district No. 11. Title to the farm was placed in the name of their daughters, Annette and Cynthia. Shirley Ioerger was appointed conservator of their property. The conservatorship was of record and in full force and effect during all proceedings in this action and during proceedings in the expansion of district No. 11. Since the farm was acquired it has been rented to the father on a cash arrangement of $40 an acre.

Pursuant to chapter 455, The Code, 1971, a petition requesting an extension of drainage district No. 11 and installation of additional drain tile was circulated among persons owning property within that district in May 1967. Valie Ioerger was one of the signers on the petition although he owned no land in district No. 11.

In 1968 the drainage engineer for Hardin county, at the request of the supervisors, issued a report as to the advisability of the extension proposed by the petition. Hearing was set and notice thereof was published in the Iowa Falls Citizen. At the time Mr. and Mrs. Ioerger were subscribers to this newspaper. The published notice was addressed "to whom it may concern," and specifically named other property owners in the district but did not name the minors or their conservator. Notice of the hearing was also mailed to other property owners in district No. 11. No such notice was mailed to Annette or Cynthia Ioerger or their conservator.

In February 1969 the board of supervisors as trustees for this district directed the county auditor to levy an assessment against the wards' property in the amount of $1738.48. The auditor then certified the assessment to defendant, Helen Schumacher, the county treasurer, who included the assessment in the assessment and tax records.

Shirley Ioerger instituted an action in equity as conservator seeking to enjoin the Hardin county treasurer from collecting the assessment on the theory the assessment is illegal and void by reason of the failure of the Hardin county supervisors to cause notice of hearing on the petition for improvement of the drainage district to be served on her as conservator or on her wards as required by sections 455.20 and 455.21, The Code.

The treasurer filed answer seeking dismissal of plaintiff's action. She admitted the assessment and that she was attempting to collect the same. In a separate division she alleged the drainage improvements were made at the request of certain petitioners, including Valie Ioerger who acted

as agent for the minors and conservator; that plaintiff had actual knowledge of the project and is now estopped from complaining of lack of notice and has waived right to notice by virtue of the petition signed by Valie Ioerger.

The board of supervisors intervened joining defendant in resisting plaintiff's petition. In a separate division it plead the same allegations as an affirmative defense. In another division the board sought a declaratory judgment as to its right to reassess the 80-acre tract pursuant to section 455.109, The Code, and in the remaining division it asked judgment for the amount of the assessment on the theory of unjust enrichment.

Valie Ioerger testified he signed the petition calling for improvements in the drainage district and that he told his wife he did so the same evening. Shirley Ioerger admitted she never objected to the proposed work after she was told her husband signed the petition. Mr. and Mrs. Ioerger neither appeared before the Hardin county board of supervisors at the hearing nor filed a claim for damages.

Both Mr. and Mrs. Ioerger denied having any personal knowledge of a proposed hearing on the petition or the work performed. The county auditor confirmed the fact no notice of the original hearing to be held October 8, 1968 on the petition was mailed to the wards or their parents although notice was published in the Iowa Falls Citizen.

The trial court stated in its findings:

"In all the proceedings of this action, by the Board of Supervisors of Hardin County, to expand this District No. 11, there was no proper service of any notice upon the Plaintiffs; there was none as to the establishment and none as to the assessment of benefits. The mother of the two minor owners is the Conservator, the father of the minors and husband of the Conservator, did sign the petition for establishment, and the Plaintiffs [sic] claim this is a waiver of any objection now raised. It is true that in certain events one spouse can bind the other; but, that theory does not apply in this case.

"The Court * * * finds that the Plaintiff should prevail in her action. All the actions of the Board of Supervisors as pertaining to this plaintiff were null and void for lack of jurisdiction; there must be notice—proper notice."

Later in response to a motion to enlarge findings, rule 179, Rules of Civil Procedure, the court dismissed intervenor's division seeking declaratory judgment and in its decree dismissed intervenor's counterclaim seeking judgment for the amount of the assessment.

Defendant and intervenor rely upon three propositions for reversal. They maintain the trial court erred: (1) in holding the drainage assessment void and enjoining the Hardin county treasurer from collecting it; (2) in holding intervenor has no right to reassess the wards' land pursuant to section 455.109, The Code; and (3) in dismissing intervenor's counterclaim for $1738.48 plead on the theory of unjust enrichment.

Appellee has filed no brief and argument.

■ Our review in this equitable proceeding is de novo. Rule 334, R.C.P.

I. Appellants concede no notice of the hearing on the petition to improve Hardin county drainage district No. 11 was given the minors or their conservator. Nevertheless, appellants argue that Valie Ioerger acted as his wife's agent when he signed the petition with reference to farm owned by the minors thereby waiving the owners' right to personal notice of the hearing. In other words, appellants insist the filing of the petition requesting the improvements which Mr. Ioerger signed constituted an appearance on behalf of the minor owners

and their conservator. They rely on this statement from Oliver v. Monona County, 117 Iowa 43, 51, 90 N.W. 510, 513:

"Moreover, Oliver, who is the only party to these proceedings who in his own name makes complaint of the sufficiency thereof, was one of the signers to the original petition, and also to the bond required by the section of the statute last referred to, and we think he is in no position to complain because a more formal notice was not given."

In addition, they contend Ioergers must have had actual knowledge of the hearing because of the manifest concern in the community.

The following are the pertinent parts of the appropriate Code sections:

"455.20 Notice of hearing * * * [The Board] shall enter an order fixing a date for the hearing upon the petition * * *, and directing the auditor immediately to cause notice to be given to the owner of each tract of land or lot within the proposed levee or drainage district * * *."

"455.21 Service by publication—copy mailed—proof. The notice provided in section 455.20 shall be served * * * by publication * * *. Copy of such notice shall also be sent by ordinary mail to each person * * * at his last known mailing address * * *."

"455.22 Service on agent. If any person * * * owning or having interest in any land or other property affected by any proposed improvement * * * shall file with the auditor an instrument in writing designating the name * * * of his * * * agent upon whom service of notice of said proceeding shall be made, the auditor shall * * * send a copy of said notice * * * to the agent so designated."

"455.24 Waiver of notice. No service of notice shall be required upon any person * * * who enters an appearance in the proceedings. The filing of a claim for damages or objections * * * or other pleading shall be deemed an appearance."

As this court pointed out in Thompson v. Joint Drainage Dist. No. 3-11, 259 Iowa 462, 468, 143 N.W.2d 326, 330, "* * * The requirement of hearing and notice is a safeguard to the individual taxpayer and property owner. The statute [chapter 455] must be construed in relation to his right to be informed and to object."

■ It is conceded that there was no attempt whatever to comply in any manner with the provisions of the statute. Actual notice in absence of notice required by sections 455.20 and 455.21 is not sufficient to confer jurisdiction with regard to the levy of an assessment against the minors' property. Minneapolis & St. L. R. Co. v. Board, 198 Iowa 1288, 201 N.W. 14.

As conservator, Mrs. Ioerger never expressly designated her husband as her agent with respect to the management of the farm owned by their children.

Of course, appellants' argument that Mr. Ioerger's signature on the petition for improvements constituted an appearance in the proceedings on behalf of the minors and their conservator thus eliminating any requirements of personal notice to them is based on the theory a principal and agent relationship existed. Both the treasurer and intervenor had alleged in defense that Valie Ioerger acted as agent for the minors and as agent for their conservator. Plaintiff had denied this allegation in her reply and in answer to the petition of intervention.

■ The burden of proving a principal and agent relationship is upon the party asserting such relationship. Martin v. Jaekel, 188 N.W.2d 331, 333 (Iowa 1971). In the cited case the court repeated this statement from Pay-N-Taket, Inc. v. Crooks, 259 Iowa 719, 724, 145 N.W.2d 621, 624:

"An agency results from the manifestation of consent by one person, the princi-

pal, that another, the agent, shall act on the former's behalf and subject to his control, and consent by the other so to act. * * * [citing authorities]

"An agency may be proven not only by direct evidence of an agreement between the parties but also by circumstantial evidence, such as their words and conduct, from which an intention to create an agency may be fairly implied. * * * [citing authority] The question of whether there was a principal-agent relationship ordinarily is one of fact. * * * [citing authority]."

Although Valie Ioerger and his wife may have discussed such matters, the record suggests no implied or apparent authority for him to act as an agent of the fiduciary or his minor daughters.

■ Our de novo review compels the conclusion appellants failed to sustain their burden of establishing an agency. Hence, Valie Ioerger's signature on the petition does not constitute waiver of the jurisdictional defect in failing to serve the minors with notice of the hearing.

Therefore, the Hardin county board of supervisors lacked jurisdiction as to Annette and Cynthia Ioerger, the assessment was null and void, and the county treasurer was properly enjoined from collecting it. The *Oliver* case, supra, is distinguishable.

■ II. As one alternative to the first proposition, appellants assert that the board of supervisors should be permitted to reassess the minors' land pursuant to section 455.109, The Code, if we find the original assessment is void for lack of jurisdiction. Intervenor raised this contention below and the court held "section 455.-109 of the Iowa Code is not applicable here. The original findings were based on a matter of jurisdiction, not illegal proceedings."

Section 455.109 provides in part:

"Whenever any special assessment upon any lands within any drainage district shall have been *heretofore* adjudged to be void for any jurisdictional defect or for any illegality * * * and the improvement shall have been wholly completed, the board * * * shall have power to remedy such illegality * * * and shall then cause a reassessment of such land to be made on an equitable basis with other land in the district by taking the steps required by law in the making of an original assessment and relevying the tax in accordance with such assessment, and such tax shall have the same force and effect as though the board or boards of supervisors had jurisdiction in the first instance and no illegality or uncertainty existed in the contract." (Emphasis supplied).

A somewhat similar contention was rejected in Thompson v. L. J. Voldahl, Inc., 188 N.W.2d 377, 382–383 (Iowa 1971) by this language:

"Without deciding the serious constitutional question which would arise when the defect is lack of notice and hearing, we interpret * * * [section 455.109] as being curative and retroactive only and as intended to remedy defects in proceedings which occurred prior to the enactment of the statute [in 1923]. The use of the word 'heretofore' can lead us to no other conclusion."

■ III. Appellants assert in the alternative to their first and second propositions that "they are entitled to recovery against plaintiff on an unjust enrichment theory for the work which was done in the district and which benefited the minors' land." They thus attempt to invoke a basic principle of contract law to indirectly recover the amount of an assessment that is legally null and void for failure to comply with the requirements of the only statute that permits such assessments.

To permit appellants to recover the amount of the assessment on the theory of unjust enrichment would require this court to completely disregard the purpose and intent of the requirement of notice and hear-

ing prescribed by statute. See Thompson v. Drainage Dist. No. 3–11, 259 Iowa at 468, 143 N.W.2d at 330. We are not persuaded to do so.

The case is therefore

Affirmed.