Alice and Gene KASSELDER, doing business as A & G Diesel Truck Repair, Plaintiffs and Appellees,

v.

Jerome KAPPERMAN, doing business as Kapperman Construction Company, Defendant,

and

James Schladweiler, Defendant and Appellant.

No. 13455.

Supreme Court of South Dakota.

Submitted on Briefs Jan. 21, 1982.

Decided March 3, 1982.

Burleigh E. Boldt of Shandorf, Bleeker, Boldt & Koch, Mitchell, for plaintiffs and appellees.

James R. Davies, Alexandria, for defendant and appellant.

DUNN, Justice.

This is an appeal from an order and judgment entered in favor of appellees Alice and Gene Kasselder, doing business as A & G Diesel Truck Repair (Truck Repair), for repairs performed on a Galion road grader owned by appellee Jerome Kapperman (Kapperman), and from an order denying a new trial. We affirm the order and judgment.

Kapperman owns a Galion road grader which had a defective engine. Appellant James Schladweiler (Schladweiler) offered to purchase the grader for the sum of $8,500.00, if the grader was in running condition. Kapperman said he would pay up to $3,000.00 to have the engine repaired and Schladweiler said he could have it repaired for less than that sum at Truck Repair in

Mitchell, South Dakota. Kapperman shipped the grader from Minnesota to Schladweiler's residence in Mitchell.

At the request of Schladweiler, Truck Repairs' mechanics took the engine apart and discovered that it was not repairable. They suggested to Schladweiler that a new engine be purchased for $7,000.00. Schladweiler informed Kapperman of this information and Kapperman said he was not interested in spending that much money. Kapperman tried to locate a used engine that could be rebuilt, but was unsuccessful. The mechanics located a used engine in Omaha, Nebraska, and told Schladweiler the cost of repairs would be $1,000.00 to purchase the engine, $1,300.00 for labor, and the cost of oil and gaskets. Schladweiler informed Kapperman of this estimate and Kapperman approved the purchase of the engine but specified that he would not pay more than $3,000.00 in repair costs.

A short time later, the mechanics contacted their supplier in Sioux Falls, South Dakota and were informed that the supplier had repaired a similar engine for $5,000.00, which did not include repairing the cylinder head. The Omaha engine had a cracked cylinder head. Truck Repair relayed this estimate to Schladweiler. Schladweiler authorized the repairs, but did not inform Kapperman of this increased bid. The repairs to the engine took several months and Schladweiler periodically followed the progress of the repairs. At no time did Truck Repair discuss the cost of repairs with Kapperman. When the repairs were finally completed, the total cost was $6,441.06. Neither Kapperman nor Schladweiler would pay the bill.

The trial court found for Truck Repair and entered an order and judgment against Schladweiler in the amount of $3,441.06 plus interest and against Kapperman in the amount of $3,000.00 plus interest. Schladweiler moved for a new trial, alleging insufficiency of the evidence to support the judgment.* This motion was denied.

---

* Schladweiler did not propose findings of fact and conclusions of law to the trial court. However, under SDCL 15–26A–9, this court may

review all matters properly and timely presented to the trial court by the application for new trial. Schladweiler's motion for new trial prop-

The order denying Schladweiler's motion for a new trial is not appealable, SDCL 15–26A–3, but the propriety of that order is reviewable in an appeal from the judgment. SDCL 15–26A–7. *See Fales v. Kaupp,* 83 S.D. 487, 161 N.W.2d 855 (1968). Thus, we need not address that portion of the notice which purports to appeal from the denial of a new trial.

Schladweiler's only contention is that the evidence presented at trial was insufficient to support the trial court's finding that he was liable for $3,441.06, plus interest, of the Truck Repair bill. He alleges that his agency relationship with Kapperman should have precluded his liability. We disagree. In reviewing this matter, we must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. We cannot set aside the trial court's findings unless they are clearly erroneous. SDCL 15–6–52(a); *In re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970).

■ An agency relationship is defined by SDCL 59–1–1 as "the representation of one called the principal by another called the agent in dealing with third persons." An agency relationship is either actual or ostensible. It is actual when the principal appoints the agent. SDCL 59–1–4. It is ostensible when the principal by conduct or want of ordinary care causes a third person to believe another, who is not actually appointed, to be his agent. SDCL 59–1–5; *Kirkus v. Bender,* 34 S.D. 317, 148 N.W. 513 (1914). When the existence of an agency relationship is denied, the burden of proof is upon the party who affirms its existence. *Farmers Union Oil Co. of Dickinson v. Wood,* 301 N.W.2d 129 (N.D.1980); *Ioerger v. Schumacher,* 203 N.W.2d 572 (Iowa 1973).

■ To determine whether an agency relationship has in fact been created, we examine the relations of the parties as they exist under their agreement or acts. Agency "is a legal concept which depends upon the existence of required factual elements: The manifestation by the principal that the agent shall act for him, the agent's accept-

ance of the undertaking, and the understanding of the parties that the principal is to be in control of the undertaking." *Watkins Company v. Dutt,* 84 S.D. 453, 457, 173 N.W.2d 41, 43 (1969); *Buck v. Nash-Finch Company,* 78 S.D. 334, 102 N.W.2d 84 (1960).

■ The evidence indicates that this was not an ostensible agency. Kapperman made no representations or actions to cause Truck Repair to believe that Schladweiler was his agent. In fact, Kapperman did not deal with Truck Repair until after he received the final bill from them. The only proof introduced at trial supporting an agency relationship in excess of $3,000.00 was the words and actions of Schladweiler. Ostensible agency for which a principal may be held liable must be traceable to the principal and cannot be established solely by the acts, declarations or conduct of an agent. *Berg v. Midwest Laundry Equipment Corporation,* 175 Neb. 423, 122 N.W.2d 250, opinion modified, rehearing denied 175 Neb. 874, 124 N.W.2d 699 (1963); *Tostenson v. Ihland,* 147 N.W.2d 104 (N.D.1966).

■ The evidence indicates that an actual agency relationship did exist between Kapperman and Schladweiler but only to the extent of $3,000.00. Kapperman allowed Schladweiler to act for him regarding repair of the grader but specified that he would not pay more than $3,000.00 for repair costs. Schladweiler agreed to represent Kapperman in the transaction with Truck Repair. However, Schladweiler exceeded the scope of his agency authority when he authorized repairs exceeding $3,000.00 and failed to consult with Kapperman regarding the increased expenditures. Under SDCL 59–6–2, "[w]hen an agent exceeds his authority, his principal is bound by his authorized acts so far only as they can be plainly separated from those which are unauthorized." We hold that the trial court was correct in its determination that Schladweiler was liable for $3,441.06, plus interest, of the Truck Repair bill, because this sum represented the portion of the bill

erly alleged insufficiency of the evidence, so

that question is preserved for appeal.

resulting from his unauthorized acts as agent.

We affirm the judgment and order of the trial court.

All the Justices concur.