United States Court of Appeals

For the Eighth Circuit

_____

No. 12-2721
_____

Jon Sommervold

*Plaintiff - Appellant*

v.

Wal-Mart, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: December 11, 2012
Filed: March 13, 2013
_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.
_____

LOKEN, Circuit Judge.

Jon Sommervold's hands were injured in August 2008 when a battery-operated toy purchased at a Wal-Mart store in Aberdeen, South Dakota, exploded after Sommervold picked it up to see why it was malfunctioning. With the three-year statute of limitations about to expire and the toy manufacturer bankrupt, Sommervold filed this tort action in South Dakota state court against the retailer, naming as

defendant Wal-Mart, Inc. ("Wal-Mart").[1]  Wal-Mart removed the action to federal court and moved to dismiss for insufficient service of process.  See Fed. R. Civ. P. 12(b)(5).  After Wal-Mart submitted supporting affidavits, the district court[2] granted the motion, concluding that Sommervold failed to comply with the applicable South Dakota service of process statute.  Sommervold appeals.  Reviewing *de novo* the district court's determination that service of process was insufficient, we affirm. Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998) (standard of review).

Because Sommervold initiated the action in state court and attempted to serve Wal-Mart prior to removal, South Dakota law governs whether service was sufficient. Id. at 1029.  In 2005, the Legislature amended the statute prescribing how process may be personally served on a private corporate entity such as Wal-Mart to provide:

> The summons shall be served by delivering a copy thereof.  Service in the following manner shall constitute personal service:
>
> (1) If the action is against a business entity, on the president, partner or other head of the entity, officer, director, or registered agent thereof.  If any of the above cannot be conveniently found, service may be made by leaving a copy of the summons and complaint at any office of such business entity within this state, with the person in charge of such office;

S.D. Codified Laws § 15-6-4(d)(1) (emphasis added).  Rather than serve Wal-Mart's registered agent for service of process, CTS Corporation, Summervold's attorney engaged a private process server who served the Summons and Complaint on

---

[1]Though seven active Wal-Mart corporate entities are registered with the South Dakota Secretary of State, Sommervold's attorney named a non-existent entity as the sole defendant.  Wal-Mart advises that Wal-Mart Stores, Inc. is the "ultimate parent company" for Wal-Mart's operating entities.

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Assistant Manager Josh Hehn at the Aberdeen store nine days before the statute of limitations expired.

In support of its motion to dismiss, Wal-Mart submitted affidavits by Hehn and by Store Manager Brian Bjordal averring that Bjordal was the "person in charge" of the Aberdeen store when Hehn was served, and that assistant managers such as Hehn report to shift managers, who in turn report to the store manager. The district court found that Hehn was not the "person in charge" of the Aberdeen store and granted the motion to dismiss "without the taxation of costs." The court reviewed the relevant decisions of the Supreme Court of South Dakota and concluded: "Plaintiff's counsel served none of the actors defined by statute. If the court accepts the plaintiff's argument, the service of process statute would be 'eradicated.' In keeping with White Eagle [v. City of Fort Pierre, 606 N.W.2d 926 (S.D. 2000)], such an outcome tells us that plaintiff failed to substantially comply with SDCL 15-6-4(d)(1)."

The record clearly supports the district court's finding that Hehn was not "the person in charge" of the Aberdeen store when service was attempted. On appeal, Sommervold argues that personal service on Assistant Manager Hehn nonetheless complied with the second sentence of § 15-6-4(d)(1) because Hehn accepted service of process for Wal-Mart with ostensible authority to do so. See S.D. Codified Laws § 59-3-3. We doubt the Supreme Court of South Dakota would apply the ostensible agency doctrine to excuse non-compliance with the plain requirement in § 15-6-4(d)(1) to serve "the person in charge" of a business entity's office in South Dakota. "The statutory list of parties that are authorized to receive service under SDCL 15-6-4(d)(1) is exhaustive and compliance with the statute is not discretionary." R.B.O. v. Priests of the Sacred Heart, 807 N.W.2d 808, 811 (S.D. 2011), citing White Eagle, 606 N.W.2d at 929. But in any event, Sommervold failed to show any act *by Wal-Mart* that would lead Sommervold or the process server to believe that Hehn had authority to accept service. Wal-Mart properly listed CTS Corporation as its registered agent for service of process in South Dakota. "Ostensible agency for which

a principal may be held liable must be traceable to the principal and cannot be established solely by the acts, declarations or conduct of an agent." Kasselder v. Kapperman, 316 N.W.2d 628, 630 (S.D. 1982).

Sommervold argues for the first time in his Reply Brief that service on Assistant Manager Hehn constituted "substantial compliance" with § 15-6-4(d)(1) within the meaning of Wagner v. Truesdell, 574 N.W.2d 627, 629 (S.D. 1998):

> "Substantial compliance" with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. . . . What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

In Wagner, defendant's caretaker was personally served at the defendant's home. Id. Defendant was in the home, but the caretaker told the process server that defendant had been rendered incompetent by Alzheimer's Disease, defendant's wife was out of town, and defendant was in the care of the caretaker who would deliver the process to the defendant's attorney. Id. at 628-29. The statute, § 15-6-4(d)(10), required personal service on the defendant, but the Supreme Court of South Dakota observed, "To follow the strict reading . . . urged by [defendant] would be an absurdity." Id. at 630. The Court held that plaintiff substantially complied with § 15-6-4(d)(10) and reversed dismissal of the complaint for insufficient service. Id. Though all Justices agreed with this disposition, two of the five would have held that plaintiff complied with the substituted service statute, § 15-6-4(e), rather than rely on substantial compliance with § 15-6-4(d)(10). Id. (Sabers, J., concurring); id. at 631 (Gilbertson, J., concurring).

Since Wagner, the Supreme Court of South Dakota has rejected every claim of substantial compliance by a plaintiff who did not strictly comply with an applicable

-4-

subpart of § 15-6-4(d).  In <u>White Eagle</u>, plaintiff sued a municipality; § 15-6-4(d)(4) required personal service on the mayor or any alderman or commissioner, but plaintiff instead served the City's finance officer.  606 N.W.2d at 927-28.  Distinguishing <u>Wagner</u>, the Court reversed denial of the City's motion to dismiss for failure to serve the proper municipal official:

> [The statute] clearly delineates those that may be served in order for a court to obtain jurisdiction.  Absent such service, there is not actual compliance with respect to the substance essential to every reasonable objective of the statute.

<u>Id.</u> at 930.  In <u>R.B.O.</u>, plaintiffs attempted to personally serve a business entity, one of multiple defendants, first by serving a receptionist who was not authorized to receive service, and then by directing a process server to deliver the summons to the defendant's registered agent on behalf of a different corporate defendant. 807 N.W.2d at 810.  The Court reversed the denial of defendant's motion to dismiss, concluding that, by failing to direct service to this defendant, plaintiffs "failed to substantially comply with" § 15-6-4(d)(1). <u>Id.</u> at 813.  Similarly, in <u>Spade v. Branum</u>, 643 N.W.2d 765, 768 (S.D. 2002), the Court stated that substantial compliance will be adequate where "it is impossible for a plaintiff to serve process on a defendant personally," as § 15-6-4(d)(10) requires.  "In other circumstances, however, only strict compliance will suffice."  <u>Id.</u>  In <u>Marshall</u>, we concluded that (i) the Supreme Court of South Dakota would likely not extend the substantial compliance doctrine to substituted personal service under § 15-6-4(e), and (ii) in any event delivering the summons to defendant's mother at her place of employment was "too far removed from the required standards for substituted service of process."  155 F.3d at 1031-32.

In addition to being inconsistent with these recent decisions, Sommervold's substantial compliance argument ignores the 2005 amendments to § 15-6-4. The prior § 15-6-4(d)(1), like the current version, allowed service on "the person in charge of"

a corporation's office within South Dakota. In addition, a different subsection of the pre-2005 statute authorized substituted service on a corporate defendant:

> If the defendant is a private corporation and no . . . representative mentioned in § 15-6-4(d) as qualified to receive service can conveniently be found, service may be made on such corporation by leaving a copy at the place of business of such qualified person <u>with any officer or employee over fourteen years of age</u>.

S.D. Codified Laws § 15-6-4(e) (2004). This sentence was deleted from § 15-6-4(e) by the 2005 amendment, thereby restricting the way in which process may be served on a business entity to personal service in the manner prescribed in § 15-6-4(d)(1) -- delivering a copy of the summons to one of the qualified representatives named in the first sentence of that statute, or to the "person in charge" of an office of the business entity located in South Dakota. Restricting the universe of agents who may be properly served reflects an obvious legislative intent to increase the likelihood that a business entity will receive actual notice of a lawsuit. Given this intent, and the recent decisions of the Supreme Court of South Dakota refusing to extend the "substantially complies" doctrine, we agree with the district court's decision to dismiss Sommervold's complaint under Rule 12(b)(5) because he failed to comply with the applicable South Dakota service statute, § 15-6-4(d)(1).

The judgment of the district court is affirmed.

_____