# IN THE COURT OF APPEALS OF IOWA

No. 19-0756
Filed July 22, 2020

**GAYLERD A. SADUSKY TRUST, GAYLERD A. SADUSKY, TRUSTEE, and GAYLERD A. SADUSKY, individually,**
    Plaintiffs-Appellants,

**vs.**

**LAKE CREEK AREA SANITARY SEWER DISTRICT, a Corporate and Body Politic,**
    Defendant-Appellee,

and

**THE BUENA VISTA COUNTY BOARD OF SUPERVISORS,**
    Defendant.
_____

Appeal from the Iowa District Court for Buena Vista County, David A. Lester, Judge.

Plaintiffs appeal from summary judgment granted to Lake Creek Area Sanitary Sewer District. **REVERSED AND REMANDED.**

Matthew G. Sease of Sease & Wadding, Des Moines, for appellants.

Brett C. Redenbaugh of The Law Offices of Redenbaugh & Mohr, P.C., Storm Lake, for appellee.

Considered by Bower, C.J., and Doyle and May, JJ.

**BOWER, Chief Judge.**

Plaintiffs, Gaylerd A. Sadusky Trust and Gaylerd Sadusky as trustee and as an individual (collectively "Sadusky"), appeal from summary judgment granted to Lake Creek Area Sanitary Sewer District ("Sewer District").[1]  Sadusky asserts genuine issues of material fact exist, including whether Sadusky received proper notice of the establishment of the Sewer District, whether an excessive assessment was imposed, and whether Sadusky received a benefit from the Sewer District's creation.  Viewing the evidence in the light most favorable to Sadusky, there remain material factual disputes precluding summary judgment.

**I. Background Facts.**

On September 16, 2003, the Gaylerd A. Sadusky Trust purchased a lot with a triplex consisting of three two-bedroom apartments, locally known as 3 Golfview Court, Storm Lake.[2]  The former owner was "W.J. & Amelia Wiegand Living Trust." Sadusky's personal residence address is 1020 Oak Lane in Storm Lake.

A deed of the purchase was filed in the Buena Vista County Recorder's Office on September 18, 2003, and showed the transfer as being from "Kay L. Kraai and Robert R. Kraai" to the Gaylerd Sadusky Trust.  Until September 5, 2013, however, the official records maintained by Buena Vista County, including the

---

[1] The appeal does not involve Sadusky's claims against the Buena Vista County Board of Supervisors, which remain pending in the district court.
[2] The property was legally described as:
> Lots Thirty-three (33) and Thirty-four (34), Auditor's Subdivision of the Southwest Fractional Quarter (SW FRL 1/4) of Section Thirty (30), Township Ninety-one (91) North, Range thirty-seven (37) West of the 5th P.M., Buena Vista County, Iowa, except the North One Hundred Thirty (130) Feet thereof.

county auditor, continued to show the owner of 3 Golfview Court as "Weigand Trust c/o Gaylerd Sadusky."

On March 31, 2009, a petition requesting an election to establish the Sewer District was filed with the Buena Vista County Auditor. A public hearing was scheduled for June 29. By affidavit filed in this action, the Sewer District's clerk, Doug Thompson, states notice was mailed June 6 to "Weigand Trust c/o Gaylerd Sadusky" at 3 Golfview Court and 1020 Oak Lane. Sadusky denies receiving either of these notices. Notice of the meeting was also published in the Storm Lake Pilot-Tribune on June 13, 2009.

Sadusky did not attend the June 29 hearing or file objections to the proposed establishment of the Sewer District. The Sewer District was established on August 4 following a special election.

On September 21, Thompson mailed notice of a public hearing at which the Sewer District trustees would consider a name change and establish the boundaries. Thompson's summary judgment affidavit and attached list of interested property owners included:

WJ Wiegand Trust
% Gaylard Sadusky
3 Golfview Ct.
Storm Lake, IA 50588
1020 Oak Lane, Storm Lake, IA 50588 (Mail address)
10-30-351-009

On November 14, 2011, the Sewer District filed with the county treasurer a "Certificate of the Clerk of the Lake Creek Area Sanitary Sewer District in the County . . . after Adoption of the Resolution of Necessity" and "Notice of Pending Assessment Proceedings." Listed in an attachment was parcel 1030351009,

"Wiegand W J Trustee, Wiegand Amerlia I Trustee, Sadusky Gaylerd A" with an assessment $27,000.00 and address 1020 Oak Lane, Storm Lake.

Neal Kuehl, the Sewer District engineer, filed an affidavit in these proceedings stating, "On May 9, 2012, the [Sewer] District held a meeting related to a 'Resolution Approving Post-Issuance Compliance Policy.' Sadusky appeared at the May 9th meeting and voiced his concerns with the assessment that was to be levied against him. The meeting minutes reflect the same." The minutes of the May 9 meeting state:

> Butch Sadusky, owner of a Lake Creek Area property, discussed the original assessment notice which he doesn't believe he received. The current notice, accompanied by a temporary easement, was inadequate. He also objected to the amount of the assessment, which is much higher than similar properties. Kuehl reviewed the method that was used to set the assessments. Trustees will discuss the matter.

On May 17, Kuehl mailed a letter to Sadusky at 1020 Oak Lane explaining how the assessment was calculated. Kuehl also wrote:

> It is the District's intention to install the tank and pump required for the Triplex on Golf View Court. However to do so, we need your permission for our contractor to be on that property. To that end, our engineer has sent a temporary easement agreement for you to sign and return. The temporary easement allows our contractor to be on your property to do the required work. The work in your area will take place in June or July of this year. If we do not have the signed temporary easement agreement by the time our contractor reaches your property it will have [to] be bypassed and we will consider that you do not want your property connected to the new sewer system. The assessment will still stand as it has been approved by Resolution of Necessity and the District has entered an an agreement with their contractor to complete work in the District including your property. Connection in the future may be possible but it will be at a cost that will include whatever extra costs are involved with having a contractor install just one (1) connection. The District prefers that the connection be made now and on a voluntary basis while we have a contractor in place.
>
> Based on the above, we respectfully request that the Temporary Easement Agreement be returned and the District be

allowed to complete the project as approved with the Resolution of Necessity filed in 2011.

On August 28, 2012, Sadusky telephoned the Sewer District's attorney, David Jennet, to discuss his dissatisfaction with the assessment. On September 26, Jennet wrote to Sadusky at 1020 Oak Lane of the trustees' decision not to adjust the assessment. Jennet also wrote:

> That brings us back to the issue of an easement for your property. The contractors are to be finished with the project in two weeks. I need to know if you are willing to provide an easement to the Board before the contractor leaves the work site. If you are, please let me know immediately and I will have an easement for your signature ready the same day. If you do not provide an easement, then the contractors will complete the project without installing the tank and appurtenances on your property. That means that in the near future the Trustees may utilize the nuisance abatement procedures to construct and connect your property to the sewer system and the cost of the work will be charged to the property owner and levied as a special assessment against the land to be collected in the manner provided for taxes in section 364.12(3)(h).

On January 11, 2013, Thompson sent a certified mailing of "Notice of Filing of the Final Plat and Schedule of Assessment against Benefited Properties" to every property owner within the Sewer District, including to "Weigand Trust c/o Gaylerd Sadusky" at 3 Golfview Court and 1020 Oak Lane. Included with the mailing was "information for property owners." The notice was also published in the Storm Lake Pilot-Tribune on both January 5 and January 12, 2013. Sadusky admits receiving the January 11 mailing at his Oak Lane address.

Sadusky did not grant the temporary easement and no septic tank or connection to the sewer system was installed at 3 Golfview Court. The property was assessed by the Sewer District and the assessment attached to the property. Because the property does not have a permitted sewer system, it is not transferrable.

On August 7, 2018, Sadusky filed suit against the Sewer District and the county board of supervisors, asserting the Sewer District failed to provide proper notice of establishment, improperly imposed an excessive levy on 3 Golfview Court, and created no benefit to the property. The Sewer District denied the allegations and raised statute-of-limitations and estoppel-by-acquiescence affirmative defenses.

The Sewer District filed a motion for summary judgment. Sadusky resisted. After arguments, the court granted the Sewer District's motion on all grounds.

Sadusky appeals.

## II. Scope and Standard of Review.

"We review rulings that grant summary judgment for correction of errors at law." *Luana Sav. Bank v. Pro-Build Holdings, Inc.*, 856 N.W.2d 892, 895 (Iowa 2014). Summary judgment is properly granted if the moving party establishes "there is no genuine issue as to any material fact" and it "is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3); *see Luana Sav.*, 856 N.W.2d at 895. "We view the evidence in the light most favorable to the nonmoving party." *Luana Sav.*, 856 N.W.2d at 895.

## III. Discussion.

Sadusky first contends the Sewer District did not provide proper it notice of the petition to create the sanitary district and, therefore, the assessment against the property is invalid.[3]

---

[3] We disagree with the Sewer District's claim that Sadusky's jurisdictional claim is raised for the first time on appeal. Sadusky's petition asserts "the Plaintiffs received no notice of any kind of the proposed project until the levy had been done and the appeal date had also run."

County boards of supervisors have authority to establish and maintain sanitary districts through the procedure set out in Iowa Code chapter 358 (2009). Twenty-five or more eligible elector residents of the area in question may file a petition in the county auditor's office addressed to the board of supervisors and setting out the proposed sanitary district. Iowa Code § 358.2. The county board of supervisors then sets the time and place for a hearing on the petition. *Id.* § 358.4(1). Interested property owners are to be given notice of the petition as set out in section 358.4:

> (1) . . . . The board shall direct the county auditor in whose office the petition is filed to cause notice to be given to all persons whom it may concern, without naming them, of the pendency and content of the petition, by publication of a notice as provided in section 331.305.[4] *Proof of giving the notice shall be made by affidavit of the publisher and the proof shall be on file with the county auditor at the time the hearing begins.* The notice of hearing shall be directed to all persons it may concern, and shall state:
> . . . .
> (2) For a district which does not include land within a city, copy of the notice shall also be sent by mail to each owner, without naming them, of each tract of land or lot within the proposed district as shown by the transfer books of the auditor's office. The mailings shall be to the last known mailing address unless there is on file an affidavit of the auditor or of a person designated by the board to make the necessary investigation, stating that a mailing address is not known and that diligent inquiry has been made to ascertain it. The copy of notice shall be mailed no less than twenty days before the day set for hearing and *proof of service shall be by affidavit of the auditor*. The proofs of service required by this subsection shall be on file at the time the hearing begins.

---

[4] Section 331.305 provides:
> Unless otherwise provided by state law, if notice of an election, hearing, or other official action is required by this chapter, the board shall publish the notice at least once, not less than four nor more than twenty days before the date of the election, hearing, or other action, in one or more newspapers which meet the requirements of section 618.14. Notice of an election shall also comply with section 49.53 [(entitled, publication of ballot and notice)].

(Emphasis added.)

"The requirement of hearing and notice is a safeguard to the individual taxpayer and property owner. The statute must be construed in relation to his right to be informed and to object." *Thompson v. Joint Drainage Dist. No. 3-11*, 143 N.W.2d 326, 330 (Iowa 1966). Strict compliance with statutory provisions is required to establish a sanitary district. *Cf. Hicks v. Franklin Cty. Auditor*, 514 N.W.2d 431, 435 (Iowa 1994) (establishing the levels of compliance for a drainage district).

In support of it motion for summary judgment, the Sewer District provided Thompson's affidavit, in which he states, "All District Notices related to 3 Golfview Ct. Storm Lake, IA 50588 were mailed to WJ Weigand Trust, c/o Gaylerd Sadusky at Sadusky's home address of 1020 Oak Lane, Storm Lake." Thompson's affidavit also states, "Notice of Public Hearing, to be held June 29th, 2009, was published on June 13, 2009, in the Storm Lake Pilot-Tribune, and was sent on June 6, 2009[,] to all of the owners in the proposed district."

In resistance, Sadusky filed an affidavit stating, the January 11, 2013 certified letter (addressed to Wiegand WJ Trustee, Weigand Amelia L Trustee, Sadusky Gaylerd, 1020 Oak Lane) "is the first notice that I received of any kind mailed to me. I can state with certainty, that regardless of the affidavit filed herein, that this notice, . . . was the only notice received."

He also filed an affidavit of Nancy Sadusky, who asserted:

> (1) [I] am the owner and operator of Buena Vista Abstract & Title Company. I have extensive experience in searching public records in the various county offices.
> (2) On or about January 14, 2019, I searched the records in the Buena Vista County Auditor's Office pertaining to the

establishment of Lake Creek Area Sanitary District commencing with the filing of the Petition on March 31, 2009.

    (3) There is no Affidavit of Publication of Notice of Hearing for June 29, 2009.

    (4) There is no Affidavit of the Auditor to establish service of Notice by mail on property owners for the Hearing on April 29, 2009.

    (5) There is an Affidavit on file to establish the qualification of the petitioners.

The Sewer District focuses solely on the language of Sadusky's petition, equating the admitted allegation—"That Defendant District relied on the books of the Buena Vista County Auditor and served notice on the owner according to the Official Auditor's books."—with a conclusion that the Sewer District "did what was statutorily required to do in providing notice of the hearing on the petition to authorize the establishment." We cannot condone this narrow focus and overly-broad conclusion in light of the summary judgment record.

In response to Sadusky's resistance, the Sewer District complained Sadusky's assertion of improper notice was "attempting to move the goalposts," and provided an attachment of a list of addresses and this language:[5]

> I hereby certify that a Notice of Hearing re: "Petition for Election to Establish Lake Creek Area Sanitary Sewer District", scheduled June 29, at 7:00 p.m. at LCCC Country Clubhouse at 1 Club House Dr, was mailed to each of the following individuals by regular mail on this date. Certified at Storm Lake, Iowa on June 6, 2009.
>     Karen M. Strawn, BV Co. Auditor County Seal.

See Appendix A attached to this opinion. However, there is no affidavit providing any foundation about what the attachment is or from whence it comes.

The Sewer District has not established as a matter of law on this record, which we view in the light most favorable to the nonmoving party, that notice was

---

[5] One entry on the list was "WJ Wiegand Trust % Gaylard Sadusky, 1020 Oak Ln, Storm Lake, IA 50588."

provided as required under Iowa Code section 358.4. Because there is a question whether the statutorily-required notice was given, which must be determined by the fact finder, the district court erred in granting summary judgment to the Sewer District. In addition, because the question remains whether the Sewer District had jurisdiction as to Sadusky,[6] we reverse the entry of summary judgment on Sadusky's claim that an excessive assessment was imposed, and whether Sadusky received a benefit. We therefore reverse and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[6] If the Sewer District did not have jurisdiction, any assessment may be void. *Cf. Ioerger v. Schumacher*, 203 N.W.2d 572, 575 (Iowa 1973) (finding that in the context of drainage districts, "[a]ctual notice in absence of notice required by sections [468.14] and [468.15] is not sufficient to confer jurisdiction with regard to the levy of an assessment against the minors' property"); *Minneapolis & St. L.R. Co. v. Bd. of Sup'rs of Marshall Cty.*, 201 N.W. 14, 15 (Iowa 1924) ("The statute expressly provides exactly how the service of such notice shall be made under such circumstances as are disclosed in this case. It is conceded that the notice was not served in that manner; nor was any attempt made to serve it in any substantial compliance with the manner provided by the statute. Therefore it, of necessity, follows that no jurisdiction was obtained of appellee at the initial step in the proceedings, and that the subsequent proceedings were, of necessity, void."); *Askew v. Trs. of Mule Slough Drainage Dist.*, No. 19-0525, 2020 WL 569337, at *6 (Iowa Ct. App. Feb. 5, 2020) (vacating annexation where "Trustees did not sufficiently comply with the requirements in sections 468.119 and 468.356 for the annexation of land by a drainage district"). We express no opinion as to the merits.

Appendix A

June 6, 2009
I hereby certify that a Notice of Hearing re: "Petition for Election to Establish Lake Creek Area Sanitary Sewer District", scheduled June 29, at 7:00 p.m. at LCCC Country Clubhouse at 1 Club House Dr, was mailed to each of the following individuals by regular mail on this date. Certified at Storm Lake, Iowa on June 6, 2009.
Karen M. Strawn, BV Co. Auditor    County Seal.

Compare with the affidavit attached to Thompson's affidavit related to the September 30, 2009 hearing on the proposed name change of the Sewer District.

12

INDEX

AFFIDAVIT

☐☐
Buena Vista Shari O'Bannon
Fee Book 100515
03/12/2010 #02:59PM  # Pages   6
AF      AFFIDAVIT
Total Fees:       $0.00

I hereby certify that the property owners (attached) were mailed copies of the public hearing notice for the September 30, 2009 hearing.  The notices were mailed on September 21, 2009.  (Also attached is a copy of the mailed notice.)

I further certify that following the September 30, 2009 public hearing, the Trustees took action to change the Lake Creek Country Club Sanitary District name to:  Lake Creek Area Sanitary Sewer District, AND, that the Trustees finalized the boundary description as follows: "All that part of the Southwest Fractional Quarter (SW Frac.¼) of Section 30 and the Northwest Fractional Quarter (NW Frac.¼) of Section 31, lying North of the North line of Iowa Highway No. 7; together with all of Drey's Subdivision of Lot A, being a part of the Southwest Quarter of the Northwest Fractional Quarter of Section 31; all in Township 91 North, Range 37 West of the 5th P.M., Buena Vista County, Iowa."

I further certify that the attached list of property owners, with the respective parcel numbers, is a true and accurate list of the parcels to be included in the new Taxing District 265-Alta Washington Lake Creek Area Sanitary Sewer District (to be the same as the new name "Lake Creek Area Sanitary Sewer District").

Finally, attached hereto is proof of publication of the September 30, 2009 public hearing notice in the Storm Lake Pilot-Tribune by the Board of Trustees of Lake Creek Area Sanitary Sewer District.

Certified at Storm Lake, Iowa, this 30th day of September, 2009 by

_____(signature)

Doug Thompson, Clerk of the Lake Creek Area Sanitary Sewer District

SUBSCRIBED AND SWORN to before me under penalty of perjury this 30th day of September, 2009 by Doug Thompson, known to me to be the person signing this affidavit.

_____
Notary Public
My Commission expires: 1-18-2012

JEAN M ALLERDINGS
Commission Number 798897
MY COMMISSION EXPIRES
1-18-2012

App. 16